FRANK BORGER, RELATOR, v. BOARD OF CHOSEN FREE-
HOLDERS AND ROBERT S. TIPPING, COUNTY TREAS-
URER, RESPONDENTS.

Argued May 7, 1935—Decided August 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and
DONGES.

For the relator, *Major, Bach & Carlsen* (*James A. Major*,
of counsel).

For the respondents, *Walter G. Winne*.

PER CURIAM.

The relator holds an alternative writ of *mandamus* to
which a return has been made followed by a demurrer on the
part of the relator and a joinder in demurrer on the part
of the respondents.

Frank Borger, the relator, is in the employ of the county
of Bergen, serving under the sheriff of that county as head
keeper of the county jail. He has had this employment for
sixteen years, having been appointed at the age of thirty-
five and is now in his fifty-first year.

On December 12th, 1934, the board of chosen freeholders
of Bergen county passed a resolution permitting the keepers
employed in the Bergen county jail to participate in the bene-
fits of a pension fund erected under the authority of chapter
104, *Pamph. L.* 1929. *Cum. Supp. Comp. Stat.* 1930, *p.*

344, § 48-*1900J(a). The writ before us recites that the said relator "duly applied" to the treasurer of the county to have three per cent. of his salary deducted monthly as a contribution to the pension fund as directed by the said statute. This the county treasurer refused to do for the reason that the relator had reached the age of fifty-one years. The writ enjoins the said county treasurer to deduct the said three per cent. from the salary of the said relator, as authorized by him, as a contribution to the fund and further directs the board of freeholders to appropriate each year a like sum towards the said pension fund or show cause to the contrary.

The return to the writ, in justification of the refusal of the officials to comply with its direction, admits that it has set up by appropriate resolution of December 12th, 1934, an authorization to keepers employed in the Bergen county jail to participate in the fund sanctioned by the statute (*supra*) but says that such employes as have reached their forty-first birthday are not eligible to participate in or to enjoy pension fund rights because of the provisions of chapter 104, *Pamph. L.* 1930, *p.* 353 (*Cum. Supp. Comp. Stat.* 1930, *p.* 897 § 107-149EG); and it is further urged that the relator is guilty of laches.

As to the first point, chapter 104, laws of 1930, is an act concerning the employment of persons by the State of New Jersey or of any county or municipality thereof and by its first section provides that no person of the age of forty or over shall be barred from seeking employment in the service of the state or any county or municipality because of age, with the stipulation that this provision shall not apply to police or fire departments, &c. But it is the second paragraph upon which the respondent relies for refusing to accept the relator as a prospective pensioner, and it reads as follows: "Any person of the age of forty years or over accepting any employment in the state or any county or municipality thereof shall not be eligible to join any pension fund maintained by the state or any county or municipality thereof."

We are clear that this section is not a bar to the relator's joining the pension fund. A literal reading of the act makes it plain that it is not applicable to the situation before us.

The relator is not in the class of persons presently accepting employment in the county. Statutes, unless the contrary clearly appears, should not be given retrospective operation. *Regan* v. *State Board of Education,* 109 *N. J. L.* 1; 159 *Atl. Rep.* 691; *Monahan* v. *Matthews,* 91 *N. J. L.* 123; 103 *Atl. Rep.* 40; *Citizens' Gas Light Co.* v. *Alden,* 44 *N. J. L.* 648.

We conclude therefore that the 1930 act (*supra*) is inapplicable.

The second point made by the respondents in justification of its refusal to receive the relator as a prospective pensioner is that he is in laches. The argument in support of this position is that the statute of 1929 (*supra*) provided for the retirement and pensioning of persons in the class of the relator came into being on April 16th, 1929, and that the relator should have made contribution in accordance with the direction of the statute during each of the intervening years. The record, however, shows that the board of freeholders of Bergen county did not, until December 12th, 1934, authorize the erection of the pension fund which was applicable to that class of employes in which the relator belongs. It appears that he acted with reasonable diligence as soon as the governing body of the county passed its resolution authorizing the creation of the pension fund. It is undisputed that the relator applied for a rule to show cause why *mandamus* should not issue on February 6th, 1935, and since the creation of the said pension fund was not sanctioned by the county authorities until December 12th, 1934, certainly a delay of less than two months cannot be considered so unreasonable as to amount to laches.

The relator, under the statute, and under the circumstances, has the right to be admitted as a member of the pension fund. It is a fair assumption that other prospective pensioners were not challenged because they had not contributed from the date of the passage of the act in 1929, and to single out the relator on this score is discriminatory and unjust.

Section 9, chapter 104 of the laws of 1929 (*Cum. Supp. Comp. Stat.* 1930, *p.* 346, § 48-*1900J(9), provides for the creation of a pension fund through the employe filing an authorization with the treasurer of the county to make a three

per cent. deduction each month out of his salary and the board of freeholders is directed to appropriate a like sum annually. If we construe the language of the section as a mandatory direction and if, as it appears, the county did nothing toward the creation of this pension fund by making an annual appropriation, as directed, until more than five years after the statute became effective, it is clear that the county was as much at fault as the relator and should not be heard to charge laches against the applicant when its own laches materially contributed to the situation.

A peremptory writ of *mandamus* will be awarded.