(No. 11255.—Decree affirmed.)

MARION TAYLOR HOBBS, Appellee, *vs.* FREDERICK J. HOBBS, Appellant.

*Opinion filed June 21, 1917.*

CONSTITUTIONAL LAW—*act restricting marriage of divorced persons does not violate Federal constitution.* Marriage is not a contract relation but a status which is subject to the control of the legislature, and the act of 1905, as amended in 1911, prohibiting a divorced person from marrying within a year, does not violate the provisions of the Federal constitution guaranteeing all persons the equal protection of the law and forbidding State laws which deprive persons of liberty or property without due process of law.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding.

THOMAS L. STITT, for appellant.

CHARLES C. STILWELL, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On April 26, 1916, appellee, Marion Taylor Hobbs, filed her bill in chancery in the circuit court of Cook county, alleging, among other things, that for the past eleven years she and appellant, Frederick J. Hobbs, had been residents of the State; that she was first married to him on or about April 29, 1906, at Hammond, Indiana; that at the time of such marriage appellant had a wife, Mary Jane Hobbs, who

was then, and still is, living and that they had not been
divorced, and that by reason thereof the marriage between
appellee and appellant was void; that on December 17,
1913, appellant obtained a divorce from his former wife,
Mary Jane Hobbs; that by the decree of the circuit court
of Cook county which granted the divorce, and by the stat-
ute then in force, appellant was prevented from marrying
again within one year except to his first wife, Mary Jane
Hobbs; that thereafter, on January 9, 1914, appellee and
appellant were again married in the city of St. Joseph, in
the State of Michigan, and alleges that the second marriage
also was void, and prays that a decree may be rendered set-
ting aside and annulling each of said marriages. Appellant
answered the bill admitting its essential allegations, but
endeavored to avoid their effect by. alleging that after the
marriage in Indiana he and appellee lived and cohabited
together as husband and wife and were unaware of the
presence or whereabouts of his first wife until about March
10, 1913, when he learned that she was still living in the
State of California, and that he thereafter filed his bill in
chancery in the circuit court of Cook county and obtained a
decree of divorce from her on December 17, 1913; that
the appellee was cognizant of all these matters, and with
full knowledge of the same voluntarily accompanied him to
St. Joseph, Michigan, and there entered into the second mar-.
riage with him and thereafter continued to live and cohabit
with him as his wife until April 26, 1916, when the bill in
the present case was filed. Appellee filed exceptions to the
above portions of the answer, which were sustained except
as to that portion which alleged they lived and cohabited
together as husband and wife after the second marriage. A
replication was filed to the answer and the cause was heard
by the court, which entered a decree finding the facts sub-
stantially as alleged in the bill and annulling and setting
aside each of said marriages. From this decree appellant
prosecuted his appeal direct to this court, and has assigned,

among other errors, that the decree is in contravention of section 1 of the fourteenth amendment to the constitution of the United States. It is by virtue of this assignment of error that the appeal has been brought direct to this court.

The decree is based upon the provisions of the act of 1905 relating to divorce, as amended May 13, 1911, (Hurd's Stat. 1913, chap. 40, par. 1a,) which provides as follows: "That in every case in which a divorce has been granted for any of the several causes contained in section 1 of said act, neither party shall marry again within one year from the time the decree was granted: *Provided,* when the cause for such divorce is adultery, the person decreed guilty of adultery shall not marry for a term of two years from the time the decree was granted: *Provided, however,* that nothing in this section shall prevent the persons divorced from re-marrying each other; and every person marrying contrary to the provisions of this section shall be punished by imprisonment in the penitentiary for not less than one year, nor more than three years, and said marriage shall be held absolutely void."

The constitutionality of this act was sustained in *Olsen v. People,* 219 Ill. 40. The theory upon which appellant seeks to have the constitutionality of this act reviewed by this court is that marriage is a contract and that the right to contract is both a liberty and a property right, and therefore the decree, and the statute on which it is based, are in conflict with section 1 of the fourteenth amendment to the constitution of the United States, which provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

In *Maynard* v. *Hill,* 125 U. S. 190, the Supreme Court of the United States held that marriage was not a contract within the meaning of the prohibition of the Federal constitution against the impairment of contracts by State legislation, as by their marriage the parties had not entered into a contract so much as they had formed a new relation or created a status or condition which was purely a matter of State legislation to control. It was there further held that this provision of the constitution was never intended to "embrace other contracts than those which respect property or some object of value and confer rights which may be asserted in a court of justice," and was "never understood to restrict the general right of the legislature to legislate on the subject of divorces." It was there further said: "Marriage, as creating the most important relation in life, as having more to do with the morals and civilization of a people than all other institutions, has always been subject to the control of the legislature." In *State of Georgia* v. *Tutty,* 41 Fed. Rep. 753, it was pointed out that laws prohibiting the intermarriage of persons of the white and African races did not constitute an infraction of the fourteenth amendment to the Federal constitution. If a statute which prohibits the intermarriage between citizens of different races cannot be such as to infringe such constitutional provision, it is difficult to see how it can be said that a statute which prohibits intermarriage between citizens of the same race, under certain conditions, which operates uniformly upon all citizens similarly situated, can be said to do so. These decisions are conclusive upon the proposition urged by the appellant.

For the reasons given the decree of the circuit court will be affirmed.                                   *Decree affirmed.*