# CHARLESTON.

## STATE *v.* AMANDA BELLE SNYDER.

Submitted September 7, 1921.    Decided September 20, 1921.

1. STATUTES—*Older of Two Statutes Dealing with Same Subject so Repugnant That Both Cannot Co-exist Repealed by Implication.*

    Repeal of one statute by another by implication is not favored yet such method is allowable when the statutes deal with the same subject matter and are so repungent that both can not co-exist, and if so, the older must yield to the later, it being the last legislative declaration upon the subject. (p. 100).

2. DIVORCE—*Statute Prohibiting Divorcee's Remarrying Within Time Prescribed by the Statute and the Decree Repeals Prior Act Exonerating from Criminal Liability.*

    Section 7, chapter 73, Acts 1915, section 7, chapter 64, Code 1918, relating to the right of a divorcee to remarry within the time prescribed by the section and by the decree, except to the

plaintiff in the proceeding unless the decree is modified in that respect as therein provided in the section, impliedly repeals section 2, chapter 149, Code, exonerating a divorcee from the criminal liability for the violation of the section immediately preceding the latter.   (p. 100).

3.   SAME—*Legislature May Authorize Decree Prohibiting Remarriage of Party at Fault Within Five Years Unless With Leave.*

The legislature lawfully may authorize a provision in a divorce decree prohibiting the remarriage of the party at fault within five years from the date of the decree except to the plaintiff, unless after the expiration of one year from such date the Court modifies the restraint upon the application of such party supported by proof that "by reason of his or her life and conduct since the date of the decree" he or she "is entitled to such relief."   (p. 99).

4.   SAME—*Divorcee Remarrying Within Time Prohibited by Statute and Decree is Criminally Liable as in the Absence of Divorce.*

A remarriage of such person contrary to the prohibition unless the decree is so modified, renders him or her "criminally liable the same as if no divorce had been granted."   (p. 99).

Certified from Circuit Court, Barbour County.

Amanda Belle Snyder was indicted for a felony for marrying within the time in which she was forbidden to marry by a divorce decree under Code 1918, c. 64, § 14 (Code Supp. 1918, § 3648a).   Defendant's demurrer to and motion to quash the indictment were overruled, and the court certified its action for review.

*Affirmed.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for plaintiff.

*George & Wilcox,* for defendant.

LYNCH, JUDGE:

Marion L. Snyder and Amanda Belle Cross duly entered into the marital relation in Barbour County, this State, in the year 1910 and thereafter until 1920 remained husband and wife, when at the suit of the husband the Circuit Court of that county at the 1920 September term granted him a

divorce from her and in the decree forbade her, as the party at fault, to remarry within five years from its date except to the plaintiff. This prohibition she disregarded or ignored and within a few days after the date of the dissolution order intermarried with William Harvey in Barbour County and this indictment charging her with having thereby committed a felony soon followed. The authority for the accusation, if any, is sec. 14, ch. 73, Acts of 1915, now sec. 14, ch. 64, Code 1918:

"Neither party to a divorce suit shall again marry within six months from the date of a decree of divorce; but this provision shall not apply to, or prohibit the divorced parties from being remarried to each other at any time. The court may further prohibit the guilty party from marrying within a certain time, to be fixed in the decree, not to exceed five years from the date of the decree; and any marriage contracted by the parties, or either of them, except a remarriage by the divorced parties to each other, within the prohibited period, shall be void, and the party shall be criminally liable the same as if no divorce had been granted. The court may, at any time after the expiration of one year, modify the restraint imposed upon the guilty party, upon it being shown that such person, by reason of his or her life and conduct, since the date of the decree, is entitled to such relief."

To the indictment and each of its two counts defendant demurred and moved to quash it. Each challenge to its sufficiency having been over-ruled, the Court certified here its action thereon for review. The first point considered is the omission of an averment of cohabitation in this state by the parties to the subsequent marriage, a relation prohibited by the decree until after the expiration of five years unless the restraint be removed in the manner provided by the statute. There is in the section no hint of the necessity for such an averment. It is against the solemnization of the marriage, the uniting of a divorced husband or wife whose conduct made necessary and expedient recourse to the suit for relief, that the statute inveighs. So considered, the offense is complete when the prohibited ceremony is performed. Cohabitation is not an element of the criminal act when com-

mitted within this state, as in this instance it was. Had the
defendant and Harvey entered into the marriage relation
in another state in order to escape the consequences of the
forbidden act, their return to and cohabitation in this state
may have had some effect upon the guilt of the accused.
But no such case is presented for decision.

The right and duty of the legislature to provide just and
reasonable regulations for marriage and divorce is imper-
ative for the sake of morality and decency as matters of pub-
lic concern and for the safety of those more immediately
affected.  No institution has a more direct influence or a
more important relation in life than marriage.  Civilization
in large measure depends upon it and governments are so-
licitous to preserve and safeguard its sanctity.  They have
also taken the utmost precaution to prescribe the causes and
regulate the manner for the annulment of marriages.  From
an early period the English Parliament reserved to itself
the right not merely to prescribe the causes warranting
divorce from the bonds of matrimony but to grant the annul-
ment of marriages for such causes, as did also the legislative
assemblies of the American Colonies prior to the Revolution.
Now the judiciary of the several states may grant divorces,
subject, however, to such regulatory enactments as the state
legislatures may deem necessary or expedient for the pro-
tection of the public and the parties interested.  It was for
this purpose that section 14 became a part of the laws of
this state.  Its provisions are not unusual or extraordinary.

Illinois, Kansas and Virginia have similar laws.  Some of
them authorize the inhibition of the marriage of the party
whose disloyalty to the marriage vows warrants the dissolu-
tion of the marriage alliance during the lifetime of the
party not so at fault, unless the provision in the decree is
modified subsequently upon the application of the party so
prohibited.  These statutes the highest courts of the states
named have upheld as valid and enforceable against the
transgressor though with some relaxation where the rights
of the innocent issues of the marriage were involved or the
marriage was solemnized in a state other than the one that
enacted the statute.  See *Olsen* v. *People,* 219 Ill. 400; *Hobbs*

v. *Hobbs,* 279 Ill. 163; *Durland* v. *Durland,* 67 Kan. 734, 63 L. R. A. 959.

In *Musick* v. *Musick,* 88 Va. 12, the Supreme Court of Virginia held valid an act conferring upon the courts of the state authority to prohibit the marriage of the guilty party at any time while the decree remained in full force and effect. In all such legislation provisions appear for the relaxation or modification of the inhibition upon the application of the party restrained supported by proof sufficient to show reformation on his or her part, as does section 14 of chapter 64 Code 1918.

The main, if not the most serious objection to the indictment is the character of the charge against the accused. For her the argument is that according to section 2 of chapter 149 of the Code she can not be proceeded against as for a bigamous marriage entered into after the date of the divorce decree, and that she can be prosecuted, if at all, for no offense other than a misdemeanor. That section considered alone does tend to support her contention. But does not section 14 of chapter 64 repeal, at least by implication, section 2 of chapter 149? The first two sections of that chapter appear with slight alterations in language in the Code of 1860 and subsequent Codes, especially since 1882. If the law in this state is as she contends, the marriage between her and Harvey is not bigamous, or perhaps more properly, not polygamous. Section 2 of chapter 149 is an old statute; section 14 of chapter 73, Acts 1915, now section 14 of chapter 64 of the Code, a much later one and contains the usual repealing clause. They deal with the same subject, the effect to be given to section 1 of chapter 149 when the party indicted is a divorcee. The first or older section exonerates her from criminal liability, the later one in effect repeals the other and fixes liability upon her. They treat of the effect of a divorce. Their provisions are repugnant, each to the other, and their inconsistency is too palpable to admit of their coexistence as the law applicable to the facts averred in the indictment. If they can not stand together, one must fall. In such case the later law must prevail as the last expression

of the legislative will on the subject.    This is true though the repeal of the prior statute is by implication, a method of repeal not favored but sanctioned only where the repugnancy is obvious.    See 12 Enc. Dig. for Virginia and West Virginia, page 780.

There seems to be no valid objection to the second count, at least as urged in argument.    Our opinion then is to approve the rulings upon the demurrer and motion to quash and to certify the result of our investigation to the Circuit Court of Barbour County.

*Reversed; Demurrer overruled.*