**OKLAHOMA GAS & ELECTRIC CO. v. STATE et al.**

No. 12516—Opinion Filed Oct. 3, 1922.

(Syllabus.)

1. **Gas—Municipal Franchise—Right to Compel Extensions of System.**

Where a corporation has been granted a franchise by a municipality, by which it is granted the right to sell and distribute natural gas to the inhabitants of such municipality, such corporation, by accepting said franchise, assumed the public duty of providing a gas distributing system reasonably adequate to meet the wants of the municipality at the time it began its service and also to extend its system as the reasonable wants of the growing community might require, so that, where the corporation is in a position to supply the inhabitants of a particular locality within the corporate limits of the municipality by a reasonable extension of its mains, it should have done so on demand, and having refused, may be compelled to do so.

## 2. Same—Reasonableness of Demand.

Such right to compel an extension to serve inhabitants of a particular section of the municipality is not an absolute and unqualified right, but is a relative one. The corporation can be compelled to make the extension only where there is a reasonable demand and a reasonable extension can be made to meet the demand, depending upon the facts in the particular case under consideration.

## 3. Same — Order of Corporation Commission for Extension — Reasonableness — Due Process of Law.

An order of the Corporation Commission requiring a gas company to extend its mains and service pipes to meet the reasonable needs of a community within the corporate limits of the city, in which the company is operating under a franchise, cannot be deemed arbitrary or unreasonable and contrary to the due process clause of the Fourteenth Amendment to the Constitution of the United States, where it appears that the company was accorded full hearing before the commission; that it is the only one authorized to serve the community in question with gas, and that the rate of return upon the cost of the extension, though amounting initially to only about four per cent., will probably soon become ample because of the growth of said community; and where the record does not show that the extension will render the business of the company as a whole unprofitable, or cause an additional burden upon the gas consumers as a whole by making necessary an increase in the rate.

Appeal from the Corporation Commission.

Appeal by the Oklahoma Gas & Electric Company from an order of the Corporation Commission directing the construction and extension of gas lines. Order sustained.

Robert M. Rainey and Streeter B. Flynn, for appellant.

E. S. Ratliff, for appellees.

NICHOLSON, J. This is an appeal from an order of the Corporation Commission directing the appellant to construct an extension of its gas line northward from the present terminus of its gas distribution system near 40th street and Tennessee avenue to the intersection of 41st street and Tennessee avenue, and laterals westward from Tennessee avenue in 40th and 41st streets in Oklahoma City, sufficient to afford gas service to certain residents who petitioned the commission for such order.

At the outset, we are met with the objection that the Corporation Commission has failed to certify the facts upon which the order appealed from is based as is required by section 22, article 9, of the Constitution, and for this reason appellant asks that the cause be remanded with directions to find and certify the facts. But inasmuch as the record is not large and the evidence introduced was supplemented with an agreed statement of certain facts, we will not remand the cause for the failure of the commission to find and certify the facts, but will, from the record before us, consider the principal question presented, i. e., that the order of the commission requiring the extension is arbitrary and unreasonable, and its effect is to deprive the appellant of its property in contravention of the 14th Amendment to the Constitution of the United States.

The facts disclosed by the record may be summarized thus: The appellant is operating under a franchise which provides, among other things, that the mayor and council shall at all times have power to impose all needful and reasonable regulations for the protection of the interest of the inhabitants of Oklahoma City, and shall have the power after full hearing to require extensions of service where it can be done without financial loss to the appellant; that the locality to which the extension is sought is within the corporate limits of Oklahoma City, but is sparsely populated, there being but 16 dwellings with a total of 71 rooms; that there will be 15 users of gas as soon as the gas line is laid; that it will require about 1,740 feet of pipe to make the extension, and the initial cost of laying said pipe will be approximately $2,000; that the annual revenue to be expected from supplying the residences served by this extension would be $497, this amount being arrived at by taking as a basis the average receipts per room for the average house in the city, which is $7 per room; that appellant's operating expenses for the twelve months preceding the date on which the application was heard before the commission were 83.8 per cent. of the gross revenue which might be received from the consumers petitioning for this extension; that the net earnings from this extension would amount to $81.52, without any deduction for depreciation or interest. It further appears that this portion of the city is growing steadily, and that parties other than the petitioners desire to build houses there as soon as gas can be obtained.

The franchise under which the appellant is operating was not introduced in evidence, and we are not advised of the terms thereof, except that portion mentioned in the agreed statement of facts, but, of course, under such franchise the appellant was accorded the right of selling and distributing gas in Oklahoma City, and in consideration thereof it

undertook the duty of furnishing the municipality and the inhabitants thereof with gas. Under such franchise it was granted an easement in the streets and alleys of the entire city for the purpose of laying its pipes therein so that it could discharge the public duty it had assumed. This franchise was granted, not alone for the benefit of the appellant, but for the benefit of the public as well, to secure to the municipality and its inhabitants an adequate supply of gas. By accepting such franchise the appellant assumed the public duty of supplying to the municipality and the inhabitants thereof gas, and the proper discharge of this duty required not only that the appellant furnish gas to meet the reasonable needs of the municipality as it existed at the beginning of its operation under the franchise, but it was under obligation to anticipate the natural growth of the city it had undertaken to serve as a whole and to provide extensions of its distributing system to meet the reasonable demands of the growing community.

However, it must be borne in mind that because the appellant had undertaken the public duty of supplying the municipality and the inhabitants thereof as a whole with gas, it does not necessarily follow that each inhabitant or the inhabitants of a particular locality of the city may compel the service to them by the appellant through the extension of its system; their right to such servise is not an absolute and unqualified right, but is a relative one. The fact that the appellant had undertaken to serve the entire municipality and that it will be of advantage to the petitioners to have the appellant's lines extended to supply them, is not of itself sufficient to require or compel the extension. The duty which the appellant had undertaken is of a public nature, and to meet a public necessity, that of supplying gas to the community. The obligation which it had assumed is not to supply each inhabitant of the municipality on demand as an absolute right on his part, but it has only assumed the public duty of furnishing gas where there is a reasonable demand for it and a reasonable extension of the service can be made to meet the demand. Wyman on Public Service Corporations, sec. 797; Public Service Corp. et al. v. American Lighting Co. (N. J.) 57 Atl. 482; Zeilda Forsee Inv. Co. v. St. Joseph Gas Co. (Mo.) 195 S. W. 52; Lukrawka et al. v. Spring Valley Water Co., (Cal.) 146 Pac. 640; Minneapolis General Electric Co. v. City of Minneapolis, 194 Fed. 215.

So that the right to require the service and the duty of furnishing it are to be determined from a consideration of the reasonableness of the demand therefor, and this must necessarily be determined from the facts in the particular case under consideration.

The extension will cost approximately $2,000, and the net income from this investment will amount to but $81.52 at this time. There is no showing in the record as to the fair value of the entire property of the appellant used in the public service, nor of the rate of return which it was earning thereon, neither is it shown that this additional expenditure will materially affect the earnings of the appellant or cause an additional burden upon gas consumers as a whole. Gas cannot be obtained by the petitioners from any other source, because appellant, by reason of the nature of the service undertaken and the method necessarily used to render the service, has a virtual monopoly upon the business of furnishing gas to the inhabitants of the city, and it ought to furnish this service to the petitioners if it can do so without rendering its business as a whole unprofitable.

It is significant that the franchise under which appellant is operating provides that the mayor and council shall have the power, after full hearing, to require extensions of service where it can be done without financial loss to the appellant. It is not claimed that this extension will entail an actual loss, but, to the contrary, it will yield a return on the investment of about four per cent. per annum. It may be conceded that this return is inadequate, but this alone will not suffice to render the order legally unreasonable. The appellant may not choose to serve only those portions of the city which is presently profitable to it and restrict the development of the remaining portion by leaving the inhabitants thereof in discomfort without the service which it alone can render. New York ex rel. New York & Queens Gas Co. v. McCall et al., 245 U. S. 345.

We conclude that, inasmuch as the extension ordered made will not render the business of appellant as a whole unprofitable and will not cause an additional burden upon the gas consumers as a whole by making necessary an increase in the rates, and as it was shown that this portion of the city is growing steadily, and other persons will desire gas as soon as the extension is made, the order complained of is not unreasonable, and its effect is not to deprive appellant of its property in contravention of the due process clause of the 14th Amendment to

the Constitution of the Uinted States. The order of the Corporation Commission is affirmed.

HARRISON. C. J., and JOHNSON, KENNAMER. and MILLER, JJ., concur.