116 S.E.2d 763 (1960)
STATE ex rel. CITY OF WHEELING, etc.
v.
Myron R. RENICK et al., Members of the Public Service Commission of West Virginia, and J. & J. Land Company, a Corporation.
No. 12037.
Supreme Court of Appeals of West Virginia.
Submitted September 7, 1960.
Decided October 18, 1960.
*764 George G. Bailey, Carl G. Bachmann, Wheeling, for relator.
Robert L. Stewart, Charleston, Charles P. Mead, Wheeling, for respondents.
HAYMOND, Judge.
The petitioner, The City of Wheeling, a municipal corporation, instituted this original *765 proceeding in this Court to obtain a writ to prohibit the defendants, Myron R. Renick, Hillis Townsend and Thaddeus D. Kauffelt, members of the Public Service Commission of West Virginia, from entertaining and exercising jurisdiction to hear and determine a certain proceeding now pending before the commission based upon the complaint of the defendant, J. & J. Land Company, a corporation, against The City of Wheeling and to prohibit that defendant from the further prosecution of the proceeding before the commission. In that proceeding the complainant prays that the commission require The City of Wheeling to construct an eight inch sewer line for a distance of 1050 feet from a location in a subdivision owned by that company in the City of Wheeling to connect with the sewer system owned and operated by the city and, in the alternative, that the commission promulgate rules and regulations relating to sewer systems which operate under certificates of convenience and necessity granted by the commission and which charge rates for services under orders of the commission pertaining to the extension of such systems to real estate subdivisions or other locations.
Upon the petition and the exhibits filed with it this Court, on June 6, 1960, issued a rule against the defendants returnable September 7, 1960, at which time this proceeding was submitted for decision upon the separate demurrer and the separate answer and exhibits of the defendants, Myron R. Renick, Hillis Townsend and Thaddeus D. Kauffelt, members of the commission, the separate answer and exhibits of the defendant, J. & J. Land Company, the written briefs and the oral arguments in behalf of the respective parties, and the written brief of the City of Charleston as amicus curiae which this Court permitted to be filed in this proceeding.
To the complaint filed before the commission on February 27, 1960, the city filed its answer in which it denied the jurisdiction of the commission to hear and determine the complaint. A hearing was held and evidence was taken upon the complaint and the answer before the commission on April 20, 1960. At the hearing the city moved the commission to dismiss the complaint on the ground that the commission was without jurisdiction to consider the subject matter and to hear and determine the complaint. By order entered April 29, 1960, the commission denied the motion to dismiss and, as a result of that ruling, the petitioner instituted this original proceeding in this Court.
The petitioner, The City of Wheeling, is the owner and operator of a municipal sewer system which serves inhabitants of that city numbering more than twenty five customers other than its owner. On June 25, 1954, it filed with the commission an application for a certificate of convenience and necessity and for approval of the rates established by it for the services furnished by the sewer system. By order entered August 31, 1954, it was granted the certificate for which it applied and was authorized to establish its rates and charges as set forth in the order of the commission. Subsequently in 1957, 1958 and 1959, it applied for authority to increase its rates and charges for its services and in each instance authority to do so was granted by separate orders of the commission. The city is operating its sewer system under and by virtue of the provisions of Article 13, Chapter 16, Code, 1931, as amended, and it has complied with the applicable provisions of that statute. Its council has adopted two ordinances, dated November 24, 1953, and May 25, 1954, which created a sanitary board of the city and authorized the city to construct, operate and maintain its sewer system, to issue revenue bonds, to establish rates, and to prescribe rules and regulations governing the services furnished and the facilities used in the operation of the system. On March 25, 1954, the board adopted such rules and regulations and they are now in force and effect. The estimated cost of the system was $7,500,000.00 and the system has been approved *766 by the State Water Commission and by the State Department of Health.
The defendant, J. & J. Land Company, is the owner of a tract of land containing approximately 27.471 acres, located within the corporate limits of the City of Wheeling, and is engaged in the development of its tract of land as a subdivision of lots to be used and occupied for residential purposes. In the development of the subdivision it is necessary to construct sewer lines in the subdivision to connect with the sewer system of the city and after some unsatisfactory negotiations with the city authorities, and for the purpose of requiring the city to construct an eight inch sewer line for a distance of 1050 feet to connect with its sewer system, that company instituted the presently pending proceeding before the commission which is styled J. & J. Land Company, Case No. 5075.
The material facts as set forth in the pleadings in this proceeding are not disputed and the sole question for decision is whether the public service commission has jurisdiction to supervise and regulate the sewer system owned and operated by the city.
The petitioner contends that under the provisions of Article 13, Chapter 16, Code, 1931, as amended, with which it has fully complied in the construction, operation and maintenance of its sewer system, the city, acting through its sanitary board, has exclusive jurisdiction over its sewer system and that the public service commission has no jurisdiction to supervise or regulate the sewer system owned and operated by the petitioner. On the contrary the defendants insist that under the provisions of Section 1, Article 1, and Section 1, Article 2, Chapter 24, Code, 1931, as amended, the commission has jurisdiction to supervise and regulate a municipally owned and operated sewer system which serves more than twenty five customers other than its owner and that the provisions of Article 13, Chapter 16, Code, 1931, as amended, do not deprive the commission of such jurisdiction or limit or impair the exercise of such jurisdiction by the commission.
Section 1, Article 1, Chapter 24, Code, 1931, as amended, to the extent here pertinent, declares that "Except where a different meaning clearly appears from the context, the words `public utility' when used in this chapter shall mean and include any person or persons, or association of persons, however associated, whether incorporated or not, including municipalities, engaged in any business, whether herein enumerated or not, which is, or shall hereafter be held to be, a public service." These provisions of Section 1, which expressly define the term "public utility", and state that it includes municipalities, constitute a sufficient grant of power to the public service commission to regulate the conduct of a city to the extent that it engages in conducting the business of a public utility in this State. Village of Bridgeport v. Public Service Commission, 125 W.Va. 342, 24 S.E.2d 285. It is clear that the sewer system is devoted to the service of the public and that it was constructed and is operated and maintained for that purpose. Because of the public character of the service which it furnishes the sewer system owned and operated by the city is a public utility within the meaning of the above quoted provisions of Section 1 of the statute.
Section 1, Article 2, Chapter 24, Code, 1931, as amended, expressly provides that "The jurisdiction of the commission shall extend to all public utilities in this State, and shall include any utility engaged in any of the following public services: * * * sewer systems serving twenty-five or more persons or firms other than the owner of the sewer systems; * * *."
As to adequate and suitable facilities and the performance of reasonable service by a public utility, Section 1, Article 3, Chapter 24, Code, 1931, as amended, contains, among others, these provisions: "Every public utility subject to this chapter shall *767 establish and maintain adequate and suitable facilities, safety appliances or other suitable devices, and shall perform such service in respect thereto as shall be reasonable, safe and sufficient for the security and convenience of the public, and the safety and comfort of its employees, and in all respect just and fair, and without unjust discrimination or preference."
By virtue of the provisions of Section 1, Article 2 of Chapter 24, as amended, quoted above, the public service commission is vested with jurisdiction over the sewer system owned and operated by the petitioner, The City of Wheeling, and it retains and may exercise such jurisdiction unless it is withdrawn, limited or impaired, as contended by the petitioner, by the provisions of Article 13, Chapter 16, Code, 1931, as amended.
Section 1, Article 13, Chapter 16, Code, 1931, as amended, provides that "Any municipal corporation and/or sanitary district in the State of West Virginia is hereby authorized and empowered to own, acquire, construct, equip, operate and maintain, within and/or without the corporate limits of such municipal corporation, a sewage collection system and/or a sewage treatment plant or plants, intercepting sewers, outfall sewers, force mains, pumping stations, ejector stations, and all other appurtenances necessary or useful and convenient for the collection and/or treatment, purification and disposal, in a sanitary manner, of the liquid and solid waste, sewage, night soil and industrial waste of such municipal corporation and/or sanitary district, and shall have authority to acquire by gift, grant, purchase, condemnation, or otherwise, all necessary lands, rights-of-way and property therefor, within and/or without the corporate limits of such municipal corporation and/or sanitary district, and to issue revenue bonds to pay the cost of such works and property; and any such municipality may serve and supply the facilities of such sewerage system within the corporate limits of such municipality and within the area extending twenty miles beyond the corporate limits of such municipality; * * *."
Section 2 of the same article provides that "The construction, acquisition, improvement, equipment, custody, operation and maintenance of any such works for the collection, treatment or disposal of sewage and the collection of revenues therefrom for the service rendered thereby, shall be under the supervision and control of a sanitary board appointed by the governing body" of the municipality or sanitary district. Section 3 of the same article deals with the powers of the sanitary board and empowers it to take all steps and proceedings and to make and enter into all contracts or agreements necessary or incidental to the performance of its duties and the execution of its powers under the statute. Section 5 of the same article requires the enactment of an ordinance or ordinances relating to the description, the cost, the construction or the acquisition of the proposed works, and the issuance of revenue bonds of the municipality to pay the cost of the works before any municipality shall construct or acquire any works provided for by the statute. Section 16 of the same article contains, among others, these provisions: "The governing body shall have power, and it shall be its duty, by ordinance, to establish and maintain just and equitable rates or charges for the use of and the service rendered by such works, to be paid by the owner of each and every lot, parcel of real estate or building that is connected with and uses such works by or through any part of the sewerage system of the municipality, or that in any way uses or is served by such works, and may change or readjust such rates or charges from time to time." Section 18 of the same article requires the governing body to provide by ordinance that the custody, administration, operation and maintenance of such works shall be under the supervision and control of the sanitary board. Section 23 of the same article declares that "This article, shall, without reference to any other statute, be deemed full authority for the construction, *768 acquisition, improvement, equipment, maintenance, operation and repair of the works herein provided for and for the issuance and sale of the bonds by this article authorized, and shall be construed as an additional and alternative method therefor and for the financing thereof, and no petition or election or other or further proceeding in respect to the construction or acquisition of the works or to the issuance or sale of bonds under this article and no publication of any resolution, ordinance, notice or proceeding relating to such construction or acquisition or to the issuance or sale of such bonds shall be required except such as are prescribed by this article, any provisions of other statutes of the state to the contrary notwithstanding: Provided, however, that all functions, powers and duties of the state department of health shall remain unaffected by this article."
The principle is well established that repeal of a statute by implication is not favored in law. State ex rel. Graney v. Sims, W.Va., 105 S.E.2d 886; State ex rel. Thompson v. Morton, 140 W.Va. 207, 84 S.E.2d 791; Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E. 2d 177; United States Coal and Coke Company v. Turk, 127 W.Va. 368, 33 S.E.2d 463; Belknap v. Shock, 125 W.Va. 385, 24 S.E.2d 457; Vinson v. County Court of Wayne County, 94 W.Va. 591, 119 S.E. 808; State v. Snyder, 89 W.Va. 96, 108 S.E. 588; Beck v. Cox, 77 W.Va. 442, 87 S.E. 492; Kimball v. Loughney, 70 W.Va. 765, 74 S.E. 953; Clemans v. Board of Education, 68 W.Va. 298, 69 S.E. 808; McConiha v. Guthrie, 21 W.Va. 134; Chesapeake & Ohio Railway Company v. Hoard, 16 W. Va. 270; Forqueran v. Donnally, 7 W.Va. 114. A statute is not repealed by implication unless the repugnancy between the new provisions and a former statute be plain and unavoidable, and a construction which repeals former statutes or laws by implication, and divests long approved remedies, is not favored by the courts. State ex rel. Thompson v. Morton, 140 W.Va. 207, 84 S.E.2d 791; Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E.2d 177; Forqueran v. Donnally, 7 W. Va. 114. To repeal a statute by implication there must be such positive repugnancy between the provisions of the new statute and the old statute that they can not stand together or be consistently reconciled. State ex rel. Thompson v. Morton, 140 W.Va. 207, 84 S.E.2d 791; Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E.2d 177; Clemans v. Board of Education, 68 W.Va. 298, 69 S.E. 808; Sturm v. Fleming, 31 W.Va. 701, 8 S.E. 263; Powell v. City of Parkersburg, 28 W. Va. 698; State v. Enoch, 26 W.Va. 253; McConiha v. Guthrie, 21 W.Va. 134; Chesapeake & Ohio Railway Company v. Hoard, 16 W.Va. 270. It is true that a statute which revises the whole subject matter of a former statute and which is evidently intended by the Legislature as a substitute for such former statute, although it contains no express words to that effect, operates to repeal the former statute. State v. General Daniel Morgan Post No. 548 Veterans of Foreign Wars, W.Va., 107 S.E.2d 353; Taylor v. State Compensation Commissioner, 140 W.Va. 572, 86 S.E.2d 114; Thacker v. Ashland Oil and Refining Company, 129 W.Va. 520, 41 S.E.2d 111; State v. Hinkle, 129 W.Va. 393, 41 S.E.2d 107; Elite Laundry Company v. Dunn, 126 W.Va. 858, 30 S.E.2d 454; Farmers and Merchants Bank of Reedsville v. Kingwood National Bank, 85 W.Va. 371, 101 S.E. 734; Grant v. Baltimore and Ohio Railroad Company, 66 W.Va. 175, 66 S.E. 709; State v. Harden, 62 W.Va. 313, 58 S.E. 715, 60 S.E. 394; State v. Mines, 38 W.Va. 125, 18 S.E. 470; Herron v. Carson, 26 W.Va. 62; Conley v. Supervisors of Calhoun County, 2 W.Va. 416. It is manifest, however, that the provisions of Article 13, Chapter 16, Code, 1931, as amended, do not revise the subject matter of Section 1, Article 1, Section 1, Article 2, or Section 1, Article 3, Chapter 24, Code, 1931, as amended, and that they were not intended as a substitute for any of the provisions of that chapter. It is also manifest that there is no repugnancy between the provisions of *769 Article 13 of Chapter 16, Code, 1931, as amended, and the provisions of Section 1, Article 1, Section 1, Article 2, and Section 1, Article 3, Chapter 24, Code, 1931, as amended. For these reasons the provisions of Article 13, Chapter 16, Code, 1931, as amended, do not operate to repeal any of the above mentioned provisions of Chapter 24, Code, 1931, as amended.
The effect of the provisions of the foregoing sections of Article 13, Chapter 16, Code, 1931, as amended, is to authorize and empower a municipal corporation in this State to own, construct, equip, operate and maintain sewer systems, to place the construction, operation and management of such systems under the supervision and control of a sanitary board appointed by the governing body, to authorize such board to operate, manage and control them and to order and complete any extensions or betterments that the board may deem expedient. Clearly these provisions do not divest the public service commission of the jurisdiction conferred upon it by Section 1, Article 2, Chapter 24, Code, 1931, as amended, to supervise and regulate municipally owned and operated sewer systems. There is nothing strange or unusual in the provisions of Article 13, Chapter 16, Code, 1931, as amended, which authorize the municipality to own, construct, operate, manage and control its sewer system. Those provisions merely follow the accepted pattern in the field of privately owned utilities which possess and exercise the right to own, construct, acquire, operate, manage and control their property and facilities subject to the jurisdiction of the public service commission. In conferring such power and authority upon a municipality by Article 13, Chapter 16, Code, 1931, as amended, the Legislature did not create, or intend to create, any repugnancy or inconsistency between the provisions of that article and the pertinent provisions of Chapter 24, Code, 1931, as amended, or to repeal any of those provisions of that chapter.
As the provisions of Chapter 24, Code, 1931, as amended, and the provisions of Section 13, Chapter 16, Code, 1931, as amended, dealing with municipally owned sewer systems, relate to the same subject they should be read and construed together. The principle is well established by the decisions of this Court that statutes relating to the same subject, regardless of the time of their enactment and whether the later statute refers to the former statute, are to be read and construed together and considered as a single statute the parts of which had been enacted at the same time. State ex rel. State Road Commission v. Professional Realty Company, W.Va., 110 S.E.2d 616; Chesapeake and Potomac Telephone Company of West Virginia v. City of Morgantown, W.Va., 107 S.E.2d 489; State ex rel. Graney v. Sims, W.Va., 105 S.E.2d 886; State ex rel. Pinson v. Varney, 142 W.Va. 105, 96 S.E.2d 72; State ex rel. Revercomb v. O'Brien, 141 W.Va. 662, 91 S.E.2d 865; State ex rel. Schroath v. Condry, 139 W.Va. 827, 83 S.E.2d 470; Vest v. Cobb, 138 W.Va. 660, 76 S.E.2d 885; Harmer v. Boggess, 137 W.Va. 590, 73 S.E.2d 264; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488; White v. Morton, 114 W.Va. 29, 171 S.E. 762; State v. Hoult, 113 W.Va. 587, 169 S.E. 241; State v. Reed, 107 W.Va. 563, 149 S.E. 669; State v. Snyder, 89 W.Va. 96, 108 S.E. 588; Hays v. Harris, 73 W.Va. 17, 80 S.E. 827; Wellsburg and State Line Railroad Company v. Panhandle Traction Company, 56 W.Va. 18, 48 S.E. 746; Daniel v. Simms, 49 W.Va. 554, 39 S.E. 690; Forqueran v. Donnally, 7 W.Va. 114. Under the rule of statutory construction enunciated in the cases just cited it is clear that by the enactment of the provisions of Article 13, Chapter 16, Code, 1931, as amended, the Legislature did not deprive or intend to deprive the public service commission of its jurisdiction over municipally owned sewer systems.
The policy of the law of this State is that all public utilities, whether publicly or privately owned, shall be subject to the supervision of the public service commission. Chesapeake and Potomac Telephone *770 Company of West Virginia v. City of Morgantown, W.Va., 107 S.E.2d 489; Lockard v. City of Salem, 127 W.Va. 237, 32 S.E.2d 568; City of Mullens v. Union Power Company, 122 W.Va. 179, 7 S.E.2d 870. The possession and the exercise of jurisdiction by the commission to regulate and control the public utilities in this State, including the sewer system constructed, owned and operated by the City of Wheeling, is in furtherance of the policy of the law of this State.
With respect to the jurisdiction of the public service commission to supervise and regulate the extension of the facilities and the services to be furnished by a public utility this Court, in United Fuel Gas Company v. Public Service Commission, 103 W.Va. 306, 138 S.E. 388, 52 A.L.R. 1104, said that the only limitation upon the power and authority of the public service commission to control the facilities, charges and services of all public service corporations and to hear the complaints of persons entitled to such services is that "the requirements shall not be contrary to law and that they shall be `just and fair,' `just and reasonable,' and `just and proper.'"
In Bluefield Water Works and Improvement Company v. Public Service Commission, 89 W.Va. 736, 110 S.E. 205, reversed in 262 U.S. 679, 43 S.Ct. 675, 67 L.Ed. 1176, this Court held in point 7 of the syllabus that the public service commission had the statutory authority to require a public utility to make extensions and additions to its plant when they are necessary to enable it to serve the public as required by law; and though the decision of this Court was reversed by the Supreme Court of the United States on the sole ground that the rate established by the commission and upheld by this Court was confiscatory, the foregoing statement with respect to the authority of the commission to order the utility to make necessary extensions and additions to its plant was not disapproved. Under the provisions of Section 2, Article 2, and Section 1, Article 3, Chapter 24, Code, 1931, as amended, the public service commission has power and authority to control the facilities, charges and services of all public utilities and to hear and determine the complaints of persons entitled to the services which such utilities afford; and the only limitation upon such power and authority is that the requirements shall not be contrary to law and that they shall be just and fair, just and reasonable, and just and proper. See United Fuel Gas Company v. Public Service Commission, 103 W.Va. 306, 138 S.E. 388, 52 A.L.R. 1104; Norfolk and Western Railway Company v. Public Service Commission, 91 W.Va. 414, 113 S.E. 247; Kelly Axe Manufacturing Company v. Public Service Commission, 87 W.Va. 368, 105 S.E. 152; 15 Michie's Jurisprudence, Public Service and State Corporation Commissions, Section 5. 43 Am.Jur., Public Utilities and Services, Section 199, contains this language: "A public utility is under a duty to make reasonable extensions of its services in accordance with its franchise and charter obligations and the needs of the inhabitants within the territory covered by its franchise; and a public service commission may, where its action is not unlawful, arbitrary, or capricious, order an extension of service for the inhabitants of such territory." See also Lukrawka v. Spring Valley Water Company, 169 Cal. 318, 146 P. 640, Ann.Cas.1916D, 277; Root v. New Britain Gaslight Company, 91 Conn. 134, 99 A. 559; Public Service Corporation v. American Lighting Company, 67 N.J.Eq. 122, 57 A. 482; People of State of New York ex rel. New York & Queens Gas Company v. McCall, 245 U.S. 345, 38 S.Ct. 122, 62 L.Ed. 337; People of State of New York ex rel. Woodhaven Gaslight Company v. Public Service Commission, 203 App.Div. 369, 196 N.Y.S. 623, affirmed without opinion, 236 N.Y. 530, 142 N.E. 271; Oklahoma Natural Gas Company v. Corporation Commission, 88 Okl. 51, 211 P. 401, 31 A.L.R. 330; Oklahoma Gas and Electric Company v. State, 87 Okl. 174, 209 P. 777. In point 2, syllabus, Oklahoma Gas and Electric Company *771 v. State, 87 Okl. 174, 209 P. 777, the court held that the right to compel an extension to serve inhabitants of a particular section of a municipality is not an absolute and unqualified right, but is a relative right, that the utility can be compelled to make such extension only where there is a reasonable demand and a reasonable extension can be made to meet the demand and that whether these factors exist depends upon the facts in each particular case.
For the reasons stated and under the authorities cited in this opinion, the Public Service Commission of West Virginia has jurisdiction to supervise and regulate the municipal sewer system of the City of Wheeling and in the exercise of such jurisdiction to hear and determine the complaint involved in the pending proceeding against the city styled J. & J. Land Company, Case No. 5075, relating to extension of the facilities and services of its sewer system. In recognizing and upholding such jurisdiction of the commission, however, this Court, of course, does not indicate the character or the extent of the action to be taken by the commission in its final determination of the above styled proceeding now pending before it.
The writ prayed for by the petitioner is denied.
Writ denied.