STATE *ex rel.* W. BERNARD SMITH, *Commissioner, etc.*

*v.*

RITCHIE COUNTY COURT, *a Corporation, et al.*

(No. 12196)

Submitted January 9, 1963.     Decided January 29, 1963.

C. *Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for relator.

*Dewey S. Wass,* Prosecuting Attorney, Ritchie County, Harrisville, for respondents.

CALHOUN, JUDGE:

This case involves an original proceeding in mandamus by the State of West Virginia at the relation of W. Bernard Smith, State Commissioner of Welfare, against the County Court of Ritchie County, a corporation, and the three commissioners thereof, Glenmer Conrad, Ray Cottrill and C. R. Johnson, to require payment by the county court of telephone charges in the sum of $112.75 which had been incurred previously by the Ritchie County Department of Welfare in the maintenance and operation of its office.

The respondents have made no appearance in the case except by the filing of an answer in their behalf by the Prosecuting Attorney of Ritchie County. No written brief was filed and no oral argument was made before the Court in their behalf. The answer does not question the authority of the relator to maintain this proceeding or the correctness of the amount of the telephone bill. The basic question for decision is one of law presented by the following language employed in the answer: "Further answering said petition, your Respondents say they have no desire to be arbitrary, or to evade their responsibilities under the law, but say frankly that if the charges in question shall be paid under the meager statutory authority cited, such fact should be judicially established by a Court of competent jurisdiction, * * *."

It appears from the answer that the controversy may have arisen from a disagreement between the relator and the Ritchie County Council of the Department of Welfare which resulted in the resignation of three members of the council. The answer alleges that vacancies created by such resigna-

tions have not been filled; that therefore the county council has ceased to exist; and that the relator has assumed the functions of the council pursuant to the provisions of Code, 9-4-15, as amended. While we regret the fact of such apparent unpleasantness and trust that it will soon be displaced by a resumption of the type of cooperative effort contemplated by Code, 7-1-5, as amended, which requires the county court "to cooperate with the county public assistance council," we are unable to perceive that this background of the case has any pertinent bearing upon the question presented for decision. The admitted fact remains that there is in existence and operation in Ritchie County an office for the administration of the laws and for the performance of the duties and functions pertaining to public welfare in that county.

Code, 9-4-6, as amended, is as follows: "The office of the county council shall be at the county seat. *The county court shall provide adequate office space and equipment.* Offices shall be in the county courthouse if possible." (Italics supplied.) Code, 7-3-2, embodies a general provision relative to offices which a county court is required to provide and maintain. The beginning portion thereof is as follows:

> "*The county court of every county, at the expense of the county, shall provide* at the county seat thereof a suitable courthouse and jail, together with *suitable offices* for the judge of the circuit court and judges of courts of limited jurisdiction, clerks of such courts and of the county court, assessor, sheriff, prosecuting attorney, county superintendent of schools, and surveyor, *and such other offices as are or may be required by law,* and shall keep the same in constant and adequate repair, and supplied with the necessary heat, light, furniture, record books, and janitor service, and, except as to the office for the judge of the circuit court, with the necessary stationery and postage, *and such other things as shall be necessary;* * * *." (Italics supplied.)

There is no allegation or contention that the charges made for telephone service were, in whole or in part, unnecessarily incurred or that they are unreasonable or otherwise improper in amount. The only question presented is

whether the county court is required by law to pay proper charges for telephone service in connection with the maintenance and operation of the office of the Ritchie County Department of Welfare.

The effect of the two statutes previously quoted herein is that the county court is required to furnish office space and "equipment" for the Ritchie County Department of Welfare and to provide such office with heat, light, furniture, janitor service and "such other things as are necessary." The two statutes relate to the same subject matter and must be considered *in pari materia* and read and applied together even though they were not enacted at the same time. *State ex rel. The City of Wheeling v. Renick,* 145 W. Va. 640, pt. 4 syl., 116 S. E. 2d 763; *The Chesapeake and Potomac Telephone Co. v. City of Morgantown,* 144 W. Va. 149, pt. 4 syl., 107 S. E. 2d 489; *State ex rel. Schroath v. Condry,* 139 W. Va. 827, 83 S. E. 2d 470.

Since the effect of the two statutes quoted above is to require the county court to supply the office in question with "equipment" and "such other things as shall be necessary", it remains for us to determine whether telephone service shall be deemed to have been within the intent and contemplation of the legislature in providing for services and equipment for the offices embraced in the statutory language. We believe it is common knowledge that county courts generally pay for telephone services in offices furnished to judges, sheriffs, assessors, court clerks and prosecuting attorneys, and yet we are not aware of any statute authorizing such payment except Code, 7-3-2, to which we have referred herein. It would hardly be contended in this day that telephones are not "necessary" in the maintenance and operation of such offices.

It is difficult to find precedents which are precisely in point. The following is quoted from 20 C.J.S., Counties, Section 129, page 941: "In most jurisdictions, however, it is held that a proper interpretation of the statutes authorizes the payment of necessary incidental expenses of county officials, such as postage, stationery, mileage, and kindred expenditures, from the county funds, and it has been held, with-

out reference to statute, that a county officer is entitled to reimbursement for reasonable expenses for office rent, light, and janitor service where the county has failed suitably to provide therefor." More directly in point is the case of *In re County Telephones*, 41 Pa. C. C. 485 (1912), wherein the court stated: "While there is nothing in the act which expressly mentions telephones as one of the supplies, it must be conceded that in any public office doing business with the public that the telephone has become as necessary to expedite the transaction of its business as much if not more than any other single article. * * *"

As was aptly observed in the case referred to immediately above, telephone service in an office such as that here in question is important not only to the person or persons who are employed therein and who may have occasion to make outgoing calls; but such service is also important to the members of the public at large who may have occasion to initiate incoming calls to persons employed in such offices. We believe and therefore hold that telephone service in the office of the Ritchie County Department of Welfare is "necessary" within the contemplation of the pertinent statutes.

For reasons stated, a writ of mandamus is awarded pursuant to the prayer of the petition, requiring the respondent county court to pay the telephone bill in question in the amount of $112.75.

*Write awarded.*