# WHEELING.

## STATE *v.* ENOCH.

Submitted June 22, 1885.—Decided July 3, 1885

1. The allegation in the indictment, that the defendant "carried on the business of a druggist without a license therefor," using as it does the language of the statute is sufficient.  (p. 255.)

2. The statute requiring the name of the witness, on whose evidence the indictment was found, to be stated at the foot of the indict-

ment is directory, and the omission to so state the name is not fatal to the indictment. (p. 255.)

3. To repeal a statute by implication it must appear, that the latter provision is certainly and clearly hostile to the former. If by any reasonable construction the two statutes can stand together, they must so stand. (p. 256.)

4. No druggist is authorized to carry on his business in this State without a State license therefor. (p. 257.)

5. The Pharmacy Act does not repeal the statute requiring a State license to carry on the business of a druggist. (p. 258.)

The facts of the case appear in the opinion of the Court.

*V. S. Armstrong* and *G. J. Walker* for plaintiff in error.

*Alfred Caldwell*, Attorney General, for State.

JOHNSON, PRESIDENT :

B. B. Enoch was on August 3, 1881, indicted in the circuit court of Jackson county in the following words :

" The grand jurors of the State of West Virginia in and for the body of the county of Jackson and now attending the said court upon their oaths present, that B. B. Enoch on the —— day of May, A. D. 1881, and on divers other days since that time, did carry on the business of a druggist in said county without a license therefor, against the peace and dignity of the State. Upon the information of —— sworn in open court and sent to the grand jury to give evidence on this indictment."

The defendant demurred to the indictment, which demurrer was overruled, and, neither party requiring a jury, the case was tried by the court, and the court having heard all the evidence and arguments of counsel found the defendant guilty and entered judgment for a fine of $10.00 and the costs. The defendant moved the court to set aside the judgment and grant him a new trial, which motion the court overruled ; and the defendant excepted. His bill of exceptions, which certifies all the evidence, shows that the State proved, that the defendant was carrying on the business of a druggist in the town of Ripley in said county of Jackson within a year next preceding the finding of the indictment and had no State license therefor. The defendant proved,

that during the time he carried on said business of a druggist as aforesaid he was a registered pharmacist of the State of West Virginia as provided for in the Acts of the Legislature of West Virginia of 1881, chap. 52; and that he, said defendant, presented to the county court a copy of the order of the town council of said town of Ripley giving its assent to said court to grant said defendant license to carry on the said business of a druggist during the time aforesaid, and that he, said defendant, had duly applied to the county court for a license to carry on said business of a druggist during the time aforesaid. This is in substance all the evidence heard by the court on the trial.

The bill of exceptions shows that the defendant based his motion to set aside the judgment on two grounds. First. Because said defendant was a registered pharmacist, and therefore no license was required. Second. Because if a license was required, then the county court had no discretion and was bound to grant said defendant license.

To the judgment the defendant obtained a writ of error.

No defect in the form of the indictment is pointed out. The allegation that the defendant carried on the business of a druggist without a license therefor, using as it does the language of the statute, is sufficient. (*State* v. *Riffe*, 10 W. Va. 794.)

It is true sec. 8 of ch. 157 of the Code required, that the names of the witnesses appearing before the grand jury, on whose information the indictment was found, should be written at the foot of the indictment, and the indictment in this case does not contain the name of the witness, on whose evidence the indictment was found. This requirement of the statute is directory, and the indictment is good notwithstanding the omission. (*Com.* v. *Dewer*, 10 Leigh 685; *Com.* v. *Williams*, 5 Grat. 702.) But the demurrer should have been sustained, if there was, at the time the indictment was found, no statute requiring a license to permit carrying on the business of a druggist. Sec. 1 of ch. 107 of the Acts of 1877, declares that no person without a State license therefor should "carry on the business of a druggist." That is yet the law; it was not repealed by the Pharmacy Act." Ch. 52 of the Acts of 1881. This act certainly does not re-

peal that clause of sec. 1 of ch. 197 of the Acts of 1877 in direct terms. Sec. 14 of that act declares, "That all acts and parts. of acts inconsistent with this act are hereby repealed" If repealed at all then it is done by implication. Section 1 of chap. 52 of Acts of 1881 provides: "It shall be unlawful for any person not a registered pharmacist, or who does not employ exclusively as his salesman a regular pharmacist within the meaning of this act to conduct any pharmacy, drug store, apothecary shop, or store for the purpose of retailing, compounding and dispensing, medicines or poisons for medical use except as hereinafter provided." The second section declares it unlawful for the proprietor of a store or pharmacy to allow any except registered. pharmacists to compound or dispense poisons, &c., for medical use; and provides a penalty for the violation of the section. The third section provides for the appointment of a commissioner of pharmacy, &c. The fourth section provides for the registration of all pharmacists, to whom certificates are granted, and provides that certain persons may be rejected without examination. The fifth relates to the examination of applicants. The sixth section provides for the examinations, &c. The seventh provides for holding rejected pharmacists liable for the quality of the drugs sold by them, and provides for a penalty for the adulteration of drugs. The eighth section declares that registered apothecaries may sell drugs, &c. The ninth places restriction on the sale of poisons, &c. The tenth section provides for the punishment of fraudulent registration and also penalty for any other than registered pharmacists selling medicines, &c. The eleventh, that the act shall not apply to physicians putting up their own prescriptions, nor to the sale of patent medicines. Section twelve provides for the investigation of complaints by the commissioner of pharmacy, and for giving information to prosecuting attorneys of all violations of the act. The thirteenth section provides for the disposition of fines when received.

If there is any section that could possibly by implication repeal the statute requiring druggists to obtain license to carry on their business, it is the eighth section, which is in full as follows:

"Apothecaries registered as herein provided shall have the right to keep and sell, under such restrictions as herein provided, all medicines and poisons, authorized by the National American, or United States Dispensatory and Pharmacopœia, as of recognized utility. *Provided*, that nothing herein contained shall be construed so as to shield an apothecary, or pharmacist who violates or anywise abuses this trust for the legitimate and actual necessities of medicine, from the utmost rigor of the law relating to the sale of intoxicating liquors; and in addition thereto his name shall be stricken from the register."

The rule of law is well settled, that to repeal a statute by implication there must be such a positive repugnancy between the provisions of the new law and the old, that they can not stand together or be consistently reconciled. (*Forqueran* v. *Donnally*, 7 W.Va. 114; *C. & O. R. R. Co.* v. *Hoard*, 16 W. Va. 270; *McConiha* v. *Guthrie*, 21 W. Va. 134; *State* v. *Stoll*, 17 Wall. 425; *Chew Heong* v. *U. S.*, 112 U. S. 549.) The rule as stated in 17 Wall. 425, is terse as well as sound. It is, that in such case " it must appear that the latter provision is certainly and clearly in hostility with the former. If by any reasonable construction the two statutes can stand together, they must so stand. If harmony is impossible, only in that event the former statute is repealed in part, or wholly as the case may be."

Now it seems to us that sec. 8 of ch. 52 of the Acts of 1881 is not certainly and clearly in hostility to the latter clause of sec. 1 of ch. 107 of the Acts of 1877, which requires a State license to pursue the business of a druggist. We think the two acts may be reconciled and may well stand together. The objects of the two acts are different; the object of the first being in part at least to produce revenue, and that of the other to restrict the sale of poisonous drugs to those who are capable of dispensing them properly. When the Legislature said: "Apothecaries registered as herein provided shall have the right to keep and sell under such restrictions, as herein provided, all medicines," &c., it is understood it was meant, "provided they had obtained license to carry on the business as required by sec. 1 of ch. 107 of the Acts of 1877." If it had been intended to repeal the law requiring license, the

Legislature would have said so. There is nothing in the act clearly repugnant to the former law forcing us to the conclusion, that the legislative intent was to repeal the law requiring a license to pursue the business of a druggist.

There is nothing in the error assigned, that the defendant had complied with all the requirements of the law necessary to obtain license as a druggist, and the county court had improperly refused to grant him a license. That is to say, that he would be justified in selling without license, if the court improperly refused to grant him license.

There is no error in the judgment of the circuit court of Jackson county, and it is therefore affirmed.

AFFIRMED.