# CHARLESTON.

## CASTO *et al. v.* GREER.

### Submitted January 13, 1898—Decided March 23, 1898.

1. STATUTES—*Retroactive Statute.*

     The following clause, contained in chapter 4, Acts 1895: "But if such transfer or. charge be admitted to record within eight months after it is made, then such suit to be availing must be brought within four months after such transfer or charge was admitted to record,"—does not apply to transfers or charges in existence prior to the passage of such enactment, to wit, February 10, 1895.    (p. 334).

2. CREDITOR'S BILL—*Cross-Bill—Fraudulent Preferences.*

     Where a lien creditor has filed a bill to ascertain the property of his debtor and the liens and priorities against the same, a creditor defendant may file in such suit an answer in the nature of a cross-bill attacking any of the liens involved therein as fraudulent preferences under the statutes in such case made and provided.    (p. 333).

3. CREDITORS—*Liens.*

     The mere fact that such attacking creditor holds a subsequent lien that may be void as a preference does not bar him from the benefits accruing under a prior lien void as a preference.    (p. 335).

Appeal from Circuit Court, Jackson County.

Suit by C. C. Casto against N. L. Casto and others. W. T. Greer, a defendant, being creditor, filed a cross-bill. An exception by J. R. Casto and others to the filing of the same was sustained, and Greer appeals.

*Reversed.*

Wm. A. Parsons, for appellant,

Elmer L. Stone and C. E. Hogg, for appellees.

Dent, Judge:

In the circuit court of the county of Jackson, on the 24th day of December, 1894, C. C. Casto, a judgment lien creditor, instituted a chancery suit to ascertain the real estate and the liens and priorities thereon of N. L. and G. W. Casto, and to enforce sale thereof for the payment of such liens. On the 9th day of August, 1894, before a final decree of adjudication had been entered, W. T. Greer, a defendant lien creditor, tendered and filed his separate answer in the nature of a cross-bill attacking certain liens against the property of N. L. Casto as void preferences inuring to the benefit of all his creditors under section 2, chapter 123, Acts 1891, and praying that such property be distributed *pro rata* among such creditors. Before process was issued on this answer, John R. and Mary E. Casto and the Valley Bank, defendants, excepted to the filing of the same for two reasons: (1) Because the subject matter thereof is not germane to the objects and purposes of the suit as made out in the plaintiff's original bill, and are entirely foreign thereto, and constitute a new and different cause of action, (2) Because the matters set up in said cross-bill as grounds for affirmative relief are barred by the provisions of chapter 5, Acts 1895, amendatory to section 2, chapter 123, Acts 1891. The circuit court overruled the first exception, and properly so, for the reason that the suit as then pending was for the benefit of all the creditors of N. L. Casto, and any of them had the right in such suit to attack any of the preferences shown as being illegal and void. Such attack was not foreign to, but germane to, the purposes of the suit, which were to ascertain the legal liens and their priorities against the real estate involved. The circuit court, on the other hand, erred in holding that the exceptions to the answer were well taken, for the reason that more than four months had elapsed from the passage of chapter 4, Acts 1895, amendatory of section 2, chapter 123, Acts 1891. The liens attacked were all in existence at the time chapter 4, Acts

1895, took effect.   In the case of *State* v. *Mines*, 38 W. Va., 126, (18 S. E. 470), this Court held (point 5 Syl.): "A cardinal rule in interpreting statutes is to construe them as prospective in operation in every instance, except where the intent that they shall act retrospectively is expressed in clear and unambiguous terms, or such intent is necessarily implied from the language of the statute, which would be inoperative otherwise than retrospectively.   In doubt it should be resolved against, rather than in favor of, retrospective operation.   *Stewart* . v. *Vandervort*, 34 W. Va., 524, (12 S. E. 736)." And (point 6): "Statutes of limitations are no exceptions to the rule that statutes are *prima facie* to be given only prospective operation." *Maslin's Ex'rs* v. *Hiett*, 37 W. Va., 15, (16 S. E. 437); *Walker* v. *Burgess* (decided at this term), 30 S. E. 99.

The provision relied on in this case is contained in chapter 4, Acts 1895, re-enacting section 2, chapter 123, Acts 1891, being section 2, chapter 74, Code, and is in these words: "But if such transfer or charge be admitted to record within eight months after it is made, then such suit to be availing must be brought within four months after such transfer or charge was admitted to record." Nothing is contained in the enactment indicating in any way that this provision was to apply to transfers or charges made prior to the passage thereof, nor could it so apply without being made to bar all such prior preferences recorded four months prior to the passage of the act.   The circuit court meets this difficulty by amending the act so as to make it read that, to avoid any such preferences now in existence, suit must be brought within four months after the passage thereof.   This is a good suggestion, and it would probably have been adopted by the legislature had it been presented in time, but the courts are not authorized to supply the omissions of the legislature, even though such omissions do produce confusion.   It is the duty of the courts to construe, and not to legislate.   This proposition seems so plain that it seems foolish even to argue it.   The wording of the statute leaves no doubt as to its prospective character.   Nor does the question of *pari delicto* arise in this case, for the reason that the instrument is not wholly avoided, except as a preference, and inures to the benefit

of all creditors, whether they have liens or not; and if the appellant has a void preference, he is still entitled to the benefit of his debt, and to share *pro rata* in a distribution of the property covered by such void preference.   Such is not the ordinary rule applicable to property covered by fraudulent conveyances, the fraudulent grantee being usually excluded from participation in its distribution. Bart. Ch. Prac. 538, 539.   This question, however, was not considered by the court below.   The decree complained of is reversed, and this cause is remanded to the circuit court to have the answer of the appellant in the nature of a cross-bill properly matured for hearing, and to be further proceeded in and determined according to the rules of equity.

*Reversed.*