# CHARLESTON.

CLEMANS, SHERIFF, *v.* BOARD OF EDUCATION.

Submitted November 22, 1910.    *Decided November 22, 1910.

1. SCHOOLS AND SCHOOL DISTRICTS—*Statutes—School Taxes—Collection—Special Laws.*

    The treasurer of the city of Wheeling is, under existing laws, the collector of school monies in the independent school district of Wheeling.

2. STATUTES—*Repeal by Implication.*

    Repeal of a statute by implication is not favored. It is never admitted when the former act can stand with the new one. It will not be admitted unless there is irreconcilable conflict between the two statutes.

3. SAME—*School Taxes—Collection—Statutory Provisions.*

    A statute treating a subject in a general manner, and not expressly contradicting a prior special act in relation to a detail of that subject, shall not be considered as intended to affect the more particular previous provision, unless it is absolutely necessary to give the latter act such construction in order that its words may have any meaning at all.

---

*Opinion filed November 29, 1910.

Appeal from Circuit Court, Ohio County. .

Bill by William M. Clemans, Sheriff of Ohio County, against the Board of Education of the Independent School District of Wheeling and others.  Decree for defendants, and plaintiff appeals.

*Affirmed.*

*C. W. Dillon, J. B. Handlan,* and *T. C. Townsend,* for appellant.

*Henry M. Russell* and *Alfred Caldwell,* for appellees.

ROBINSON, PRESIDENT:

We must decide whether the treasurer of the city of Wheeling or the sheriff of Ohio county is the legal collector and custodian of school monies within the independent school district of Wheeling.

A special act of the Legislature, passed in 1872, provided that the city of Wheeling should constitute an independent school district, and prescribed many things in relation thereto: among them, that the taxes levied for school purposes "shall be collected and disbursed by the same officer by whom the city levies are collected."  This act was amended in 1875, in 1882, and in 1901, but the original provision naming the collecting and disbursing officer of school levies has been held intact and remains in the law at the present time.  In the re-enactment of 1901, it reads exactly as it did in the first instance.

The constitutionality of this special provision has been questioned in the argument.  We hold that it was within the power of the Legislature to provide that the school taxes of the district should be collected and disbursed by the city officer.  The provision is not violative of the constitutional inhibition against special laws; nor is the provision in conflict with the constitution wherein that instrument provides that all school levies shall be collected by the sheriff, or other collector.  It is certainly in accord with the last named constitutional mandate.

The real question to be considered is:  Has the provision of the special law applicable to Wheeling, in regard to the collector, been impliedly repealed by the re-enactment of the general school law of the state by the Legislature of 1908?

The special act originally contained another provision, which remains in it to-day. As it appears in the re-enactment of 1901, it reads: "The provisions of the general school law of the state, not included in this act, shall not be regarded as applicable to the district of Wheeling and all laws and acts heretofore existing which are in any manner inconsistent with the provisions of this act shall be void within said district." So we see clearly that at least until the general school law was re-enacted in 1908, it was particularly provided that the same should have no force in Wheeling. And until the re-enactment of 1908, the general law expressly excepted Wheeling from its provisions. Code 1906, chapter 45, section 75. Thus it appears that the special and the general law were independent of each other. The one stood uncontrolled by the other. That the two laws were so until 1908 cannot be doubted. Now, did the re-enactment of the general law in that year work a change in this particular? If so, how was that change effected?

It is submitted that the new general law in many particulars applies to independent school districts. That may be true. The pertinent question with which we are dealing is: Does this general law repeal the provision of the prior special act that names the collector of school monies? We need not inquire whether it repeals some other provision of the special act, or how it affects that act generally. And the fact that the new general law applies in some particulars to independent districts cannot be controlling, unless that new general law directly applies to the provision of the special act in relation to the collecting officer of Wheeling so as to repeal that provision.

Great reliance is laid on the provision of the new general law which says: "The sheriff of the county shall receive, collect and disburse all school money for the county and several districts and independent districts therein." But this enactment does not repeal the Wheeling law. It is no more than a general provision for collecting and disbursing. It does not say that Wheeling shall not have a different officer. It does not affirm that the sheriff of *every* county shall receive, collect and disburse all school money. There is nothing in the language to exclude an exception to the general rule stated. This enactment is merely a general rule that can stand with the excep-

tion made by the Wheeling law and still serve its evident purpose in applying generally.

Then we are told that the section of the general law which excepted Wheeling therefrom was omitted in the re-enactment of 1908, and that the 'wiping out of that exception shows a purpose to include Wheeling. But without that section in the old general law, Wheeling was expressly excepted by a provision of the special act as we have shown. In the old general law this section served no purpose—it was wholly unnecesary. How do we know that it was not omitted because the revisors recognized its uselessness? They knew that the Wheeling special act expressly stated that the general law should not apply in that city. And they knew that this provision in the special act, 'which made the general law not to apply in that city, was a subsequent one in its relation to the general law and therefore effectual upon it. Did they mean to repeal that provision of the Wheeling act simply by omitting this part of the old general law? Did they not know that the mere omission of the section did not affect the express terms of the Wheeling act? Law-makers are certainly presumed to know the existing laws. Must we not give them credit for an intelligence that would have made them expressly refer to the Wheeling act wherein it said the general law should not apply in that city if they had meant to repeal it in that particular? Taking the point all in all, we cannot say that the mere omission of the section even shows intention to repeal.

The argument is made that the general law shows that it was intended to establish uniformity as to school matters. The title of the act does not so declare. By the title the act purports only to be an amendment of the general school law. But even if we can see in the law as a whole a desire for uniformity, we cannot get away from the fact that the revision does not expressly exclude the exception that already existed as to Wheeling in relation to the collecting officer. 1 Lewis' Sutherland on Statutory Construction, section 274.

Some other incidental changes made in the revisal of the general school law in 1908 are cited as showing an intention to make it uniformly apply throughout the state. But the changes made in that revisal are not of sufficient consideration to point to a manifest intention to repeal the provision of the

special act in relation to the collecting officer. The implication that those changes afford is not sufficiently direct and positive to work a repeal of the particular provision in the Wheeling law. The mere implication arising from these changes does not directly point to an intention to repeal that particular provision. That implication is indeed remote in relation to its bearing on the special clause in question. It does not expressly and irreconcilably contradict the original act in relation to the officer of collection.

Repeal by implication is not favored. It is never admitted where the former act can stand with the new act. It will not be admitted unless there is irreconcilable conflict between the two statutes. And these rules especially apply, where, as in the case at hand, the prior law is a special act relating to a particular case or subject, and the subsequent law is general in its operation. In such case, the general law will not be understood to repeal the special, unless the provisions of the general are manifestly inconsistent with those of the special. The authorities are practically unanimous in upholding these principles. The whole matter is tersely stated in our own cases: "A statute general in its terms and without negative words will not be construed to repeal by implication the particular provisions of a former statute which are special in their application to a particular case or class of cases, unless the repugnancy is so glaring and irreconcilable as to indicate the legislative intent to repeal." *Sturm* v. *Fleming,* 31 W. Va. 701; *Railway Co.* v. *Hoard,* 16 W. Va. 270. An eminent text-writer says: "The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the later act such a construction, in order that its words shall have any meaning at all." Sedgwick on Interpretation and Construction, (Second Ed.), page 98. When we apply these principles to the case before us, it falls far short of one in which a repeal by implication will prevail. The repugnance between the two acts is not "so glaring and irreconcilable" as to indicate a

legislative intent to repeal.  The two laws can well operate together.  The one does not deprive the other of its efficacy and render its provisions nugatory.  The sheriff may as a general thing throughout the state be the collecting officer of school monies, and the treasurer of Wheeling be such officer in that special instance.  There is nothing in the general law that negatives such an arrangement.

The later general law has a final clause expressly repealing all acts and parts of acts inconsistent with the chapter in which it is contained.  Even such general repealing clause cannot abrogate the special provision unless there is real inconsistency. 1 Lewis' Sutherland Statutory Construction, section 256.  The inconsistency must be actual and destructive.  It must not be simply a difference.  For it to prevail, it must be of the character to cause the former special provision to lose all force.  In relation to the special provision in question there is no such inconsistency between it and the later general law.  That law exhibits no glaring implication showing an intention to make it inconsistent with the prior provision; and certainly there are no direct words to the effect.

The order of the circuit court is affirmed.

*Affirmed.*

MILLER, JUDGE, dissents.