LEONARD JOHNSON, PLAINTIFF, v. ASBURY PARK PRESS, INCORPORATED, ET AL., DEFENDANTS.

Decided April 27, 1936.

For the motion, *Lester C. Leonard.*

Opposed, *Roger M. Yancey* and *Robert S. Hartgrove.*

LAWRENCE, S. C. C. This is a suit resulting from an alleged libelous publication relating to plaintiff. The article complained of appeared in the issue of the Asbury Park Press of March 7th, 1934. The defendant in question moves to strike the reply to its answer on the ground that it is frivolous. The answer, in addition to the defenses, pleads the new statute of limitations (*Pamph. L.* 1934, *ch.* 98, *p.* 287) in bar. It is as follows:

"An act limiting the time for the bringing of civil actions for libel or slander.

Be it enacted by the Senate and General Assembly of the State of New Jersey:

1. Every civil action for libel or slander shall be commenced and sued within one year next after the publication of the alleged libel or slander, and not thereafter.

2. This act shall take effect immediately. Approved April 30th, 1934.

Plaintiff's reply denies the application of this statute, asserting that his cause of action arose prior to its enactment, that it is not retroactive, and since the state of the law, as generally recognized, prior to the approval of the new act, limited suits for libel, as in cases of slander, to two years, the present action was brought within such period and is not consequently controlled by the new act. Counsel for defendant argues that plaintiff had a reasonable time within which to bring his suit, but failed to do so, with the result that the bar of the statute is applicable. He invokes the rule that "statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect; the legislature may change the form of action or mode of remedy, at its discretion, provided adequate means of enforcing the right remain." *Terry* v. *Anderson*, 95 *U. S.* 365. In New Jersey the rule appears to have been applied, with the accent that it is essential that all statutes of limitation which affect existing rights and remedies shall allow a reasonable time after they take effect for the commencement of suits upon such causes of action. *Marston* v. *Seabury*, 3 *N. J. L.* 28; *Smith* v. *Tucker*, 17 *Id.* 82; *Vreeland* v. *Town of Bergen*,

34 *Id.* 438 (at *p.* 441); *Warshung* v. *Hunt,* 47 *Id.* 256; *affirmed,* 48 *Id.* 613; 9 *Atl. Rep.* 199, and *Barnaby* v. *Bradley & Currier Co.,* 60 *N. J. L.* 158; 37 *Atl. Rep.* 764.

Ordinarily statutes, unless the contrary intent clearly appears, are not to be given retrospective operation (*Borger* v. *Board of Freeholders,* 13 *N. J. Mis. R.* 676, 678; 180 *Atl. Rep.* 495), but the rule is not applicable where the right to sue is not affected and only the remedy involving the time within which the action must be brought is the subject of the legislation. *Lapsley, Admx.,* v. *Public Service,* 75 *N. J. L.* 266; 68 *Atl. Rep.* 1113; *Bretthauer, Admr.,* v. *Jacobson,* 79 *N. J. L.* 223 (at *p.* 225); 75 *Atl. Rep.* 560.

It is to be observed that until the new act there was no special legislation limiting the time within which a suit for libel was required to be brought. There was as to words. *Rev.* 1877, *p.* 594, as amended, *Pamph. L.* 1896, *p.* 119; section 3 of an act for the limitation of actions, 3 *Comp. Stat., p.* 3164. See, also, section *ante, p.* 3162, excepting actions for slander from the six years period. As libel and slander at common law sounded in tort and were in form actions on the case (37 *C. J.* 16, § 310), it has been generally supposed that the act limiting suits for slander also applies to those for libel, although this is said not to be necessarily so. *C. J., supra,* § 314. No case was cited on the argument of the present motion, however, in an appellate court here discussing the subject.

It may thus be said that the new statute (*supra*) is the first relating to libel and limiting the time within which a suit may be brought. While there is nothing in the act indicating in terms that it was intended to be retroactive, still following the rule laid down in *Marston* v. *Seabury, supra,* it would seem to be susceptible of such an interpretation and applicable to a given case where it appears that a reasonable time remained after the date of the approval of the act within which suit could be brought. In *Eldridge* v. *Philadelphia and Reading Railroad Co.,* 83 *N. J. L.* 463; 85 *Atl. Rep.* 179, the doctrine that when the legislature frames a new and general rule covering the entire subject-matter, all earlier and different rules touching the same matter are to

be discarded in favor of such later rule was regarded as applicable to a new statute limiting the time for bringing a suit under the Death act. Here there appears to have been no special statutory provision relating to actions for libel, and so it may be said that the new legislation provided a general rule applicable to all cases in which a reasonable time remained for the institution of suits thereafter, even though the publication complained of had taken place prior to the enactment. See, also, 37 *C. J.* 694, § 12.

Here the alleged libelous publication, as stated, was on March 7th, 1934. The new act was approved April 30th, 1934, and went into effect immediately. The suit was not brought until February 25th, 1936, nearly ten months after the time limited in the new act had expired. Plaintiff had had practically ten months between the date of the approval of the act and the expiration period within which to bring the suit, an adequate period, it would seem, to bring it within the rule as to reasonable time. Plaintiff apparently continued to be a resident of the state and there was no suggestion that circumstances existed which made it legally impossible for him to institute the suit within the time available to him under the new act. Defendant's contention that the suit is barred appears to be supported by the authorities. It follows that the motion to strike the reply to the answer as without legal foundation and therefore frivolous must prevail.