124 S.E.2d 703 (1961)
Wanda RODERICK
v.
Charles HOUGH et al.
No. 12104.
Supreme Court of Appeals of West Virginia.
Submitted September 12, 1961.
Decided November 14, 1961.
Dissenting Opinion December 12, 1961.
*704 L. Arthur Barbe, Morgantown, for appellant.
Hale J. Posten, Robert T. Donley, Albert M. Morgan, Morgantown, for appellees.
HAYMOND, President.
In this civil action instituted in the Circuit Court of Monongalia County, October 27, 1960, the plaintiff, Wanda Roderick, seeks to recover from the defendants, Charles Hough and William Dalton, damages for personal injuries which the complaint alleges were sustained by the plaintiff in a collision between two motor vehicles on a public highway in Monongalia County, October 29, 1958, and were caused by the negligence of the defendants.
To the complaint William Dalton, the only defendant served with process, filed his answer which set forth these defenses to the claim of the plaintiff: (1) That the complaint fails to state a claim against the defendant upon which relief can be granted; (2) that the injuries sustained by the plaintiff were not caused by any negligence of the defendant, the owner of one of the motor vehicles involved in the collision, or by the negligence of any servant, agent or employee of the defendant; (3) that the injuries of the plaintiff resulted from her own negligence; and (4) that the right of action alleged in the complaint did not accrue within one year before the institution of this action.
Pursuant to notice the defendant filed his motion to dismiss on the ground that it appeared from the complaint that the plaintiff's cause of action arose more than one year before the commencement of this action and is barred by the one year statute of limitations. After the motion to dismiss had been argued by counsel and considered by the circuit court it held that the action was barred by the one year statute of limitations in effect when the *705 cause of action accrued and by order entered February 6, 1961, dismissed the action and awarded costs against the plaintiff. To the judgment of dismissal this Court granted this writ of error upon the application of the plaintiff.
The single legal question to be determined upon this writ of error is whether the one year statute of limitations in effect on October 29, 1958, when the cause of action accrued, or the two year statute of limitations which amended the one year statute and became effective June 11, 1959, applies to and governs the present cause of action.
Section 12, Article 2, Chapter 55, Code, 1931, as amended by Chapter 2, Acts of the Legislature, 1949, Regular Session, in effect when the cause of action of the plaintiff accrued on October 29, 1958, contained these provisions:
"Every personal action for which no limitation is otherwise prescribed shall be brought (a) within two years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and (b) if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after; and (c) every right of action mentioned above in clause (a) heretofore accrued shall be brought within two years hereafter or within five years from the time such action accrued, whichever shall be less."
Section 12, as amended and reenacted by Section 12, Article 2, Chapter 2, Acts of the Legislature, 1959, Regular Session, contains these provisions:
"Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative."
In support of her contention that the statute, as amended by the Act of 1959, applies to and governs the present cause of action and provides a period of two years after its accrual in which to bring an action, the plaintiff contends in substance (1) that the 1959 statute repealed and nullified the prior one year statute which for that reason does not apply to or govern the present cause of action; and (2) that the 1959 statute should be given retroactive effect and should be applied to the cause of action of the plaintiff.
The 1959 statute did not operate to repeal the statute in effect on October 29, 1958, when the present cause of action accrued but instead amended and reenacted the then existing statute. The 1959 statute reenacted the substance of clauses (a) and (b) of the prior statute and changed only the limitation in clause (b) by enlarging the period from one year to two years. It did not repeal expressly or by implication the prior statute. It is well settled that repeal of a statute by implication is not favored in law. State ex rel. City of Wheeling v. Renick, W.Va., 116 S.E.2d 763; Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E.2d 177. Statutes are not considered to be repealed by implication unless the repugnancy between the new provisions and a former statute be plain and unavoidable, and a construction which repeals former statutes or laws by implication, and divests long approved remedies, is not favored by the courts. Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E.2d 177; United States Coal and Coke Company v. Turk, 127 W.Va. 368, 33 S.E.2d 463; Belknap v. Shock, 125 W.Va. 385, 24 S.E.2d 457; Forqueran v. *706 Donnally, 7 W.Va. 114. To repeal a statute by implication there must be such positive repugnancy between the provisions of the new and the old that they can not stand together or be consistently reconciled. Harbert v. The County Court of Harrison County, 129 W.Va. 54, 39 S.E.2d 177; Clemans, Sheriff, v. Board of Education, 68 W.Va. 298, 69 S.E. 808; State v. Enoch, 26 W.Va. 253. The 1959 statute was not intended to be a substitute for the prior statute or as such to revise the entire subject matter of or to supersede a former statute. Consequently the rule recognized in State ex rel. City of Wheeling v. Renick, W.Va., 116 S.E.2d 763; State v. General Daniel Morgan Post, No. 548, Veterans of Foreign Wars, 144 W.Va. 137, 107 S.E.2d 353; Taylor v. State Compensation Commissioner, 140 W.Va. 572, 86 S.E.2d 114; State v. Hinkle, 129 W.Va. 393, 41 S.E.2d 107, and other cases, has no present application. That rule, which does not here apply, is that a subsequent statute, which revises the entire subject matter of a former statute and which is evidently intended as a substitute for such former statute, operates to repeal the former statute even though such subsequent statute does not contain express words to that effect. In State v. Montgomery, 94 W.Va. 153, 117 S.E.2d 870, this Court said in point 2 of the syllabus that "Generally, where a statute is amended and reenacted, the amendment should be construed as if it had been included in the original act; but it cannot be retroactive, unless plainly made so by the terms of the amendment."
This Court has said in many cases that a statute is always presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by the terms or is necessarily implied from the language of the statute. State ex rel. Conley v. Pennybacker, 131 W.Va. 442, 48 S.E. 2d 9; Lester v. State Compensation Commissioner, 123 W.Va. 516, 16 S.E.2d 920; Fairmont Wall Plaster Company v. Nuzum, 85 W.Va. 667, 102 S.E. 494; Morris, Adm'r. v. Westerman, 79 W.Va. 502, 92 S.E. 567, 3 A.L.R. 1237; Harrison v. Harman, 76 W.Va. 412, 85 S.E. 646; Thomas v. Higgs & Calderwood, 68 W.Va. 152, 69 S.E. 654, Ann.Cas.1912A, 1039; Barker v. Hinton, 62 W.Va. 639, 59 S.E. 614, 13 Ann.Cas. 1150; Burns v. Hays, 44 W.Va. 503, 30 S.E. 101; Walker v. Burgess, 44 W.Va. 399, 30 S.E. 99, 67 Am.St.Rep. 775; Casto v. Greer, 44 W.Va. 332, 30 S.E. 100; Rogers v. Lynch, 44 W.Va. 94, 29 S.E. 507; State v. Mines, 38 W.Va. 125, 18 S.E. 470; Stewart v. Vandervort, 34 W.Va. 524, 12 S.E. 736, 12 L.R.A. 50. The rule just stated applies to statutes of limitations. Harrison v. Harman, 76 W.Va. 412, 85 S.E. 646; Thomas v. Higgs & Calderwood, 68 W.Va. 152, 69 S.E. 654, Ann.Cas.1912A, 1039; Burns v. Hays, 44 W.Va. 503, 30 S.E. 101; Walker v. Burgess, 44 W.Va. 399, 30 S.E. 99, 67 Am.St.Rep. 775; Casto v. Greer, 44 W.Va. 332, 30 S.E. 100; State v. Mines, 38 W.Va. 125, 18 S.E. 470; Maslin's Ex'rs v. Hiett, 37 W.Va. 15, 16 S.E. 437; Fowler v. Lewis's Adm'r, 36 W.Va. 112, 14 S.E. 447.
In the Harrison case this Court held in point 2 of the syllabus that "Statutes of limitations will not be given a retroactive effect unless by express terms, or by necessary implication, it clearly appears that the legislature intended that they should so operate." In Thomas v. Higgs & Calderwood, 68 W.Va. 152, 69 S.E. 654, Ann.Cas.1912A, 1039, this Court said in point 2 of the syllabus that the rule that statutes are prima facie to be construed as prospective and not retrospective in operation "is applicable to statutes remedial in nature, and applies also to statutes of limitation unless by express command or by necessary and unavoidable implication a different construction is required." In Walker v. Burgess, 44 W.Va. 399, 30 S.E. 99, 67 Am.St.Rep. 775, this Court held in point 1 of the syllabus that "A statute changing the period of limitation will not be applied to antecedent transactions, unless its letter or necessary intent demand a retroactive construction." In that case the defendants pleaded set-offs based on a store account against the notes on *707 which the claim of the plaintiff was based. When the set-offs accrued and when the action was instituted a three year statute of limitations was in effect, but when the plea of set-offs was filed the three year statute had been amended and a five year statute of limitations was in effect. The opinion contains these paragraphs:
"Thus two questions arise: (1) Is three years the bar, under section 6, Chapter 104, Code 1891, which was in force when the set-offs accrued, and also when the action began, or five years under Chapter 2, Acts 1895, amending said section, which act was in force when the plea of set-offs was filed * * *?
"The first question we answer by saying that statutes are to be construed to be prospective in operation, and not to retroact, and govern antecedent transactions. I use the word `construed,' meaning that courts do not, by mere construction, give statutes backward effect, but will do so if the letter of the statute or necessary and inevitable intent require it. Stewart v. Vandervort, 34 W.Va. 524, (12 S.E. 736, 12 L.R.A. 50). And though statutes of limitation do not destroy the right, but affect only the remedy, this Court has applied the rule to such statutes. State v. Mines. 38 W.Va., 125, Syl. point 6, (18 S.E. 47); Maslin's Ex'rs v. Hiett, 37 W.Va., 15, Syl. point 2, (16 S.E. 437); Fowler v. Lewis, 36 W.Va., 113, (14 S.E. 447); Casto v. Greer, 44 W.Va., 332, (30 S.E. 100). Nothing in the new statute calls for retroactive construction; and the period of three years, being the bar at date of the sale of the store goods, applies, not the new law in force at the date of the plea." The language in the last sentence in the quotation from the opinion in the Walker case is directly applicable to and that decision is controlling in the case at bar. Nothing in the 1959 statute calls for retroactive construction, and the one year statute, being in effect when the plaintiff's cause of action accrued October 29, 1958, applies instead of the 1959 statute which was in force when this action was instituted October 27, 1960. Statutes of limitations, being remedial, act only on remedies and do not extinguish rights. Cook v. Eastern Gas and Fuel Associates, 129 W.Va. 146, 39 S.E.2d 321; Walker v. Burgess, 44 W.Va. 399, 30 S.E. 99, 67 Am.St.Rep. 775; Martin v. Mayer, 63 Ga.App. 387, 11 S.E.2d 218. Of course, the Legislature, if it had so intended, could have given the 1959 statute retroactive effect, but in its enactment the Legislature did not do so, and the failure of the Legislature to declare that the statute should operate retroactively indicates that it did not intend that the statute should have or be given that effect.
The principles which apply to and control the decision of the question involved in this action are well stated in these paragraphs in the opinion in Ferguson v. Ferguson, 169 Va. 77, 192 S.E. 774:
"There appears to be no good reason for excluding statutes of limitations, or remedial statutes, from the general rule, that retroactive or retrospective legislation is not favored, in the absence of any words expressing a contrary intention. Undoubtedly, the Legislature may declare a statute dealing with remedial legislation, or one not affecting vested rights, to have a retroactive operation. It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention. Otherwise, the hardship and injustice resulting in the application of any other rule is apparent not only in the instant case, but in other conceivable instances. It is not to be presumed that the Legislature intends to work an injustice.
"A great majority of opinion, and we think the better opinion, applies the same rule of construction to new or changed provisions of statutes of limitation that it applies to the construction of other statutes. In following this rule, the new enactment is held to apply to all rights or causes of action after its passage, leaving all rights or causes of action existing at the time of such passage subject to the operation of prior limitations, unless otherwise provided. Therefore, rights accrued, claims arising, proceedings *708 instituted, orders made under the former law, or judgments rendered before the passage of an amended statute, will not be affected by it, but will be governed by the original statute, unless a contrary intention is expressed in the later statute. Day v. Pickett, 4 Munf. (18 Va.) 104; Duval, Adm'r, v. Malone, et al., 14 Grat. (55 Va.) 24, 28; City of Richmond v. Supervisors of Henrico County, 83 Va. 204, 213, 2 S.E. 26; Limitations of Actions, 37 C.J. 691; Statutes, 59 C.J. 1181(b).
"Citing numerous Virginia and West Virginia cases and textbook authorities in support of the above principle, it is said in the syllabus by the court in State v. Mines, 38 W.Va. 125, 18 S.E. 470:
"`Statutes of limitations are no exceptions to the rule that statutes are prima facie to be given only prospective operation.'"
A cause of action which accrues when a one year statute of limitations is in force and effect is subject to and is governed by that statute and is not affected or controlled by an amendatory two year statute of limitations which becomes effective before the expiration of one year from the accrual of such cause of action, unless it expressly or by necessary implication appears from the later statute that the Legislature intended such statute to operate retroactively.
Under the authorities heretofore cited, quoted from, and dealt with in this opinion, Section 12, Article 2, Chapter 2, Acts of the Legislature, 1959, Regular Session, effective June 11, 1959, which contains no expression of any legislative intent that it should be given retroactive operation applies only to causes of action subsequently accruing and does not apply to or govern causes of action which existed when it became effective, but all such existing causes of action mentioned in Section 12, Article 2, Chapter 55, Code, 1931, before its amendment by the new enactment, are subject to and are governed by Section 12 as it existed prior to its amendment by the 1959 Act; and the cause of action of the plaintiff, which accrued October 29, 1958, is subject to and is governed by the provisions of the statute of limitations in effect at that time.
The judgment of the circuit court, which applied to the cause of action of the plaintiff the one year period of limitations prescribed by the statute in effect when the cause of action accrued and dismissed this action on the ground that it was barred by that statute, being free from prejudicial error, is affirmed.
Affirmed.
CALHOUN, Judge (dissenting).
Believing that the majority opinion is predicated upon misconceptions of certain legal principles and upon misapplication of others, I respectfully dissent. In my judgment, the majority opinion cites no prior decision of this Court, and no other legal authority, touching the precise question presented.
It seems logical to commence a consideration of the question by endeavoring to understand what is meant, legally speaking, by the term, "retroactive statute." That term is defined in Black's Law Dictionary (4th Ed.) as follows: "A statute which creates a new obligation on transactions or considerations already past or destroys or impairs vested rights." By the same authority, "Retrospective Law" is defined as follows: "A law which looks backward or contemplates the past; one which is made to affect acts or facts occurring, or rights accruing, before it came into force. Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." "A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. However, a *709 statute does not operate retroactively merely because it relates to antecedent events, or because part of the requisites of its action is drawn from time antecedent to its passing, but is retroactive only when it is applied to rights acquired prior to its enactment." (Italics supplied.) 82 C.J.S. Statutes § 412, page 980. "Retrospective statutes are usually construed to embrace only those which relate to substantial rights, or which give a right where none before existed." 59 C.J., Statutes, Section 690, page 1159. "A retrospective law, in the legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past * * *. However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation * * *." (Italics supplied.) 50 Am.Jur., Statutes, Section 476, pages 492-93.
When the reason for a rule is absent, the rule does not apply. The judicial policy which gives rise to the rule now in question is stated as follows: "Because every law that takes away or impairs vested rights under existing laws, is generally reprehensible, unjust, oppressive, and dangerous, such retroactive laws have not been looked upon with favor, but with disfavor, so that courts are loath to give a statute such effect." (Italics supplied.) 50 Am.Jur., Statutes, Section 477, pages 493-94. "If no right is impaired or destroyed by giving a statute of limitations a retroactive effect, the reason of the rule upon which the plaintiff relies ceases, and the rule itself should also cease." Button v. Atchison, etc., 5 Cir., 1 F.2d 709, 711. Under such circumstances the statute is not "retroactive", and it is a "misnomer" to refer to it as such. Ware v. Heller, 63 Cal.App.2d 817, 148 P.2d 410, 414-15; Morris v. Pacific Electric Ry. Co., 2 Cal.2d 764, 768, 43 P.2d 276, 277.
In undertaking a proper consideration of the question now at issue, not only should we have a clear comprehension of legal principles relating to retroactive statutes and of the reasons furnishing the basis thereof; but we should undertake also to define and comprehend the precise factual situation presented. Certain statutes of limitations relative to property, upon the expiration of the statutory period, confer vested rights of title to or ownership in such property. Hall v. Webb, 21 W.Va. 318, pt. 3 syl. If a statute creating a right of action places a limitation upon the remedy to assert such right, then the limitation becomes an integral part of the right, so that, upon expiration of the statutory period, the right itself ceases to exist. Sudraski v. State Comp. Com'r, 116 W.Va. 441, pt. 1 syl., 181 S.E. 545. The situation here presented is wholly unlike either of those referred to immediately above. It does not involve a statute which undertakes to revive a right which has already expired by limitations. Caperton v. Martin, 4 W.Va. 138, pt. 3 syl.; Anno., 67 A.L.R. 297; 34 Am.Jur., Limitation of Actions, Section 33, page 37. In the case of Walker v. Burgess, 44 W.Va. 399, 30 S.E. 99, the printed record discloses that the last item of the store account was dated October 20, 1890, and was therefore, barred by the three-year limitation before the new limitation of five years became effective by the Acts of 1895. Nor does the present situation involve a statute operating to impair the obligation of a contract or one affecting a property right, a contractual right or a vested right of any sort.
It is fundamental that until the period of limitation has run, a party has no vested rights in any period of limitation. Rather such statutes and the periods of limitation prescribed thereby are matters of mere legislative grace and such limitations may be withheld, shortened, lengthened, or abolished, so long as vested rights are not affected. 34 Am.Jur., Limitation of Actions, Section 33, page 37; 53 C.J.S. Limitations of Actions § 1b, page 901. "It is generally held that laws of limitation or prescription go to matters of remedy. But beyond this workable concept lies the principle that their *710 shelter is not a fundamental right of the individual, it is a right given by the State for purposes of its own and not because of the merits of the obligation." United States v. Nebo Oil Co., 5 Cir., 190 F.2d 1003, 1009. On 1008 of the same opinion, it is stated: "It cannot be considered a vested right if it is nothing more than a mere expectation, or hope, based upon an anticipated continuance of the applicable general laws." In the case of Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L. Ed. 1628, the Supreme Court stated:
"Statutes of limitation find their justification in necessity and convenience rather than in logic. * * * They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a `fundamental' right or what used to be called a `natural' right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.
"This Court, in Campbell v. Holt, [115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483] adopted as a working hypothesis, as a matter of constitutional law, the view that statutes of limitation go to matters of remedy, not to destruction of fundamental rights. The abstract logic of the distinction between substantive rights and remedial or procedural rights may not be clear-cut, but it has been found a workable concept to point up the real and valid difference between rules in which stability is of prime importance and those in which flexibility is a more important value."
In the case of Mudd v. McColgan, 30 Cal.2d 463, 183 P.2d 10, 13, the court stated: "It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy and is applicable to matters not already barred, without retroactive effect. Because the operation is prospective rather than retrospective, there is no impairment of vested rights. Moreover a party has no vested right in the running of a statute of limitation prior to its expiration. He is deemed to suffer no injury if, at the time of an amendment extending the period of limitation for recovery, he is under obligation to pay." (Italics supplied). For the general proposition that a statute of limitation is a matter of legislative grace and affords no vested right until the period of limitation has run, see the following: Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483; Clark v. Kansas City, etc., 219 Mo. 524, 118 S.W. 40; Kelch v. Keehn, 183 Md. 140, 36 A.2d 544; Appleby v. Farmers State Bank of Dows, 244 Iowa 288, 56 N.W.2d 917; Davis & McMillan v. Industrial Accident Comm., 198 Cal. 631, 246 P. 1046, 46 A.L.R. 1095; Harrington v. Anderson, 23 Colo.App. 415, 130 P. 616.
"A statute of limitations enlarging the time within which an action may be brought as to pending cases is not retroactive legislation and does not impair any vested right." (Italics supplied.) 34 Am.Jur., Limitation of Actions, Section 29, page 35. "So far as mere modes of procedure are concerned, a party has no more right in a criminal than in a civil action to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. And where an act or amendment relates solely to matters of remedy, it may be retrospective in operation. In West Virginia, remedial statutes, which neither create new rights nor take away vested ones are not within the strict application of the rule." 17 M.J., Statutes, Section 74, page 337. "The rule against construing legislation as retroactive is somewhat relaxed in cases where it is classed as remedial, or affects procedure only." Lester v. State Comp. Com'r, *711 123 W.Va. 516, 521, 16 S.E.2d 920, 923. See also Duffy v. Hartsock, 187 Va. 406, 46 S.E.2d 570. "When a new statute deals with procedure only, prima facie, it applies to all actionsthose which have accrued or are pending and future actions." Carroll Hardwood Lumber Co. v. Stephenson, 131 W.Va. 784, 788, 51 S.E.2d 313, 315.
In the case of Consentina v. State Comp. Com'r, 127 W.Va. 67, 77, 31 S.E.2d 499, 504, the Court stated: "The fact is that courts have no aversion to `retroactive' statutes, if such enactments are clearly intended so to operate, and such operation does not impair a vested right of any party, and if a reasonable time is given affected parties to comply with its provisions." (Italics supplied.) This Court promulgated comprehensive Rules of Civil Procedure, which drastically transformed prior legal principles relating to precedure and practice and expressly provided therein for their "retroactive" application. R.C.P. 86; Petros v. Kellas, W.Va., pt. 1 syl., 122 S.E.2d 177. In Carroll Hardwood Lumber Co. v. Stephenson, 131 W.Va. 784, 51 S.E.2d 313, the second point of the syllabus is as follows: "Code, 55-8-8, relating to joinder in the same action of survivors and personal representatives of decedents, is procedural, and applies to all actions, those which have accrued or are pending and future actions." In the case of Bankhead v. Baughman, 115 W.Va. 483, 486, 176 S.E. 854, 855, the Court, speaking of a statute relating to demurrers, stated: "True, this statute was not effective when this suit was instituted, but it became effective while the suit was pending in the trial court. Inasmuch as the statute relates only to incidents of procedure, it became operative at its effective date as to suits and actions then pending. 59 Corpus Juris, page 1175; 25 Ruling Case Law 939; Moore v. McNutt, 41 W.Va. 695, 703, 24 S.E. 682." To the same effect see Greer v. Workmen's Compensation Commissioner, 123 W.Va. 270, 273, 15 S.E.2d 175, 176; Lester v. State Comp. Com'r, 123 W. Va. 516, 521, 16 S.E.2d 920, 923; Jenkins v. Heaberlin, 107 W.Va. 287, 148 S.E. 117. In the case of Sol Diamond v. Parkersburg Aetna Corporation (decided at the present term of Court), W.Va., pt. 6 syl., 122 S.E. 2d 436, the Court held that the effect of a constitutional amendment, and of a statute enacted in pursuance thereof, was to operate upon a pre-existing corporate charter "and to give such charter provisions operative effect from and after the ratification of the amendment and the effective date of the statute." The Court expressly held that the effect was not to make the constitutional provisions and statute "retroactive" merely by reason of the fact that they were construed to have operation and effect upon a pre-existing corporate charter.
It is perhaps superfluous to cite authority for the proposition that statutes of limitation operate upon and affect merely the remedy, not the right; and when the remedy is barred by limitation, so that the courts will no longer furnish a forum for enforcement thereof, the right remains unimpaired. "After the statute has run against the debt, a creditor remains entitled to use any lawful means available for collecting his debt which does not involve court action." LeSage v. Switzer, 116 W.Va. 657, 658, 182 S.E. 797, 798. See also Cook v. Eastern Gas and Fuel Associates, 129 W.Va. 146, 39 S.E.2d 321; 34 Am.Jur., Limitation of Actions, Section 11, page 20.
When the automobile collision occurred on October 29, 1958, the plaintiff's cause of action came into existence by the mere operation of applicable laws then in force and existence. I agree that subsequent legislation undertaking to enlarge or impair the cause of action itself, involving perhaps certain vested or proprietary rights of the parties, would be clearly retroactive. But when, about seven months after the cause of action arose, there became effective an amendment of the applicable statute of limitations, that statute was not designed or intended to operate retroactively on such cause of action; but rather, in conformity with fundamental legal principles, it was designed to and did operate merely upon *712 the remedy. At the time the amended statute became effective, the remedy had not lapsed or been barred; but, on the contrary, it was a live, existing, vital thing, having thereafter about five months of existence, life and vitality even under the one-year limitation previously obtaining. The operation of the statute upon that existing, vital remedy, therefore, became an operation in praesenti and in futuro.
General rules relative to the question now being considered have been formulated as follows:

"Unless a contrary intent be expressed, new, re-enacted, or amended statutes of limitation are to be given a prospective effect, so as to extend the period of time within which suits may be brought on existing causes of action to the full time prescribed by such statutes, counting from the time they take effect. * * * Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract." (Italics supplied.) Wood on Limitations, Fourth Edition, Vol. 1, Section 12c, page 76.
"However, as in the case of original acts, in the absence of a saving clause or statute or some other clear indication that legislative intent is to the contrary, provisions added by the amendment that affect procedural rights legal remediesare construed to apply to all cases pending at the time of its enactment and all those commenced subsequent thereto, whether the substantive rights sought to be enforced thereby accrued prior or subsequent to the amendment, unless a vested right would thereby be impaired. But the new provisions will not affect a proceeding entirely closed before the amendment became effective." (Italics supplied.) Sutherland Statutory Construction, 3rd Edition, Vol. 1, Section 1936, page 436.
"As a general rule, legislation which relates solely to procedure or to legal remedies will not be subject to the rule that statutes should not be given retroactive operation. Similarly, the presumption against retrospective construction is inapplicable. In other words, such statutes constitute an exception to the rule pertaining to statutes generally. Therefore, in the absence of a contrary legislative intention, statutes pertaining solely to procedure or legal remedy may affect a right of action no matter whether it came into existence prior to, or after the enactment of the statute. Similarly, they may be held applicable to proceedings pending or subsequently commenced. In any event, they will, at least, presumptively apply to accrued and pending as well as to future actions." (Italics supplied.) Statutory Construction, Crawford, Section 285, page 581.
"The principles above discussed, [sec. 285, supra] will likewise apply whether the statute creates a new remedy or enlarges an existing one, being limited only by the requirement that contractual obligations cannot be affected or vested rights disturbed. So long as an alteration or extension of a remedy does not amount to a substantial impairment of an existing right, it may be deemed retroactive. This is so because a statute which affects the remedy only is remedial in its nature, and consequently is entitled to be construed as remedial legislation. Conversely, therefore, if the statute pertains to the remedy, if vested rights are impaired or destroyed, it should be regarded as within the rule against retroactive construction. To this extent, the law seems harmonious." Idem, Section 287, page 586.
Following is a list of additional authorities which, in my judgment, sustain the proposition that an amended statute of limitation merely extending or lengthening *713 the period of limitation, in the absence of language disclosing a contrary legislative intent, is not retroactive in design or intent, but operates prospectively to extend the limitation upon a remedy then alive and effective: State ex rel. Donovan v. Duluth St. Ry. Co., 150 Minn. 364, 185 N.W. 388; Johnson v. Asbury Park Press, 184 A. 518, 14 N.J.Misc. 282; Sleeth v. Murphy (Iowa), Morris 321, 41 Am.Dec. 232; Keen v. Mid-Continental Petroleum Corp., 8 Cir., 63 F. Supp. 120; Kelch v. Keehn, 183 Md. 140, 36 A.2d 544; Galusha v. Wendt, 114 Iowa 597, 87 N.W. 512; Appleby v. Farmers State Bank of Dows, 244 Iowa 288, 56 N.W. 2d 917; Davis & McMillan v. Industrial Accident Comm., 198 Cal. 631, 246 P. 1046, 46 A.L.R. 1095; National Tailoring Co. v. Scott, 65 Wyo. 64, 196 P.2d 387; Spitcaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d 86, 160 A.L.R. 990; State Tax Commission v. Spanish Fork, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816; Re Estate of Batt, 220 Ind. 193, 41 N.E.2d 365, 139 A.L.R. 1391; Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S.W.2d 1063, 144 A.L.R. 763; Anno., 46 A.L.R. 1101; Pratt v. Hayes, 20 Ill.App.2d 457, 156 N.E.2d 290, 79 A.L.R. 2d 1071. See also exhaustive annotation in 79 A.L.R.2d 1080.
I am in accord with the well-settled rule that retroactive statutes are not favored, and that it is presumed that the legislative intent is that a given statute is to operate prospectively only, unless a contrary legislative intent is clearly manifest. But from authorities cited herein, I believe that it is equally clear that we have no judicial policy and no constitutional or statutory inhibition against the mere operation of statutes in relation to antecedent facts or events; that a statute which merely extends a limitation applicable to a pending remedy operates presently and prospectively on such remedy, rather than retroactively upon the cause of action; that the reason for the presumption against retroactive operation is absent in the situation presently under consideration; that the majority opinion misconstrues the legal conception of the term "retroactive statute", and misapplies to the present situation the well-settled legal principles relating to retroactive statutes; and that the statute now under consideration, when construed to operate presently and prospectively upon the remedy, is not a retroactive statute and that it is a misnomer to characterize it as such. My views in this respect are not based on the fact that the statute deals merely with the remedy or with procedure; because I am convinced that a statute of limitations may, in some circumstances, be truly a retroactive statute and violative not only of fundamental rules for statutory construction, but of constitutional principles also.
From a careful consideration of all prior decisions of this Court cited in the majority opinion, I am unable to discern among them any precedent for the precise question here presented. Indeed, a rather exhaustive research has failed to disclose to me a prior decision of this Court or of any other court holding, as the majority opinion apparently does, that an amendment of a statute of limitations which merely lengthens the period of limitations is retroactive in operation merely because it has the effect of extending the period of limitations applicable to a cause of action existing and not previously barred by limitations when the amended statute becomes effective. For reasons which I have undertaken to set forth herein, I believe it is conservative to say that the holding of the majority in this respect is clearly contrary to the overwhelming weight of authority, if not, indeed, completely without authority for its support.
Turning now to another aspect of the majority opinion with which I am unable to agree, I note that the first words of the amended statute specifically apply its provisions, without any expressed exception, to "Every personal action * * *." "The words, `any action,' necessarily include suits instituted before as well as after the passage of the act." Town of Danville v. Pace, (Va.) 25 Gratt. 1, 18 Am.Rep. 663. The majority opinion requires the interpolation *714 of certain language not included in the amended statute, and reads into it a meaning contrary to its express language. Indeed, the effect of the majority holding is that, after the effective date of the amended statute, two statutes were in effect at the same time, operating simultaneously in relation to a cause of action such as that alleged by the plaintiff; the one applying a one-year limitation and the other applying a two-year limitation. If there is one thing which is fundamental in statutory construction, it is that there cannot be two different and divergent statutes in effect simultaneously in relation to the same subject matter. The legislature could have provided by appropriate language that the amended statute was intended to apply only to causes of action thereafter arising or accruing; but it did not do so. That the majority opinion does by a construction which, in my view, is wholly unwarranted.
The legislature, in amending and reenacting the statute in question, did not merely substitute the word "two" for the word "one". On the contrary, the statute in question was completely rewritten throughout. The majority opinion, in relation to the amendment and reenactment of the statute, has mercilessly tortured and recklessly misapplied a certain legal principle in relation to amended statutes which has been a landmark of statutory construction through the years, and applied by this Court in cases almost without number. That salutary legal principle is stated in the first point of the syllabus of the case of Herron v. Carson, 26 W.Va. 62, as follows: "A subsequent statute revising the whole subject-matter of a former one and evidently intended as a substitute for it, though it contains no express words to that effect, must on principles of law as well as in reason and common sense operate a repeal of the former law." That principle has been reiterated, reaffirmed and adhered to with unfailing fidelity through the years until this time; State v. Mines, 38 W.Va. 125, pt. 3 syl., 18 S.E. 470; State v. Harden, 62 W.Va. 313, pt. 7 syl., 58 S.E. 715, 60 S.E. 394; Hawkins v. Bare & Carter, 63 W.Va. 431, 436, 60 S.E. 391, 393; Grant v. B. & O. Railroad Co., 66 W.Va. 175, pts. 1, 2 and 3 syl., 66 S.E. 709; Coal & Coke Railway Co. v. Conley and Avis, 67 W.Va. 129, 174, 67 S.E. 613, 632; Hinkle v. North River Ins. Co., 70 W.Va. 681, 685, 75 S.E. 54, 55, 56; Farmers & Merchants Bank of Reedsville v. Kingwood Natl. Bank, 85 W.Va. 371, pt. 6 syl., 101 S.E. 734; Boger v. Boger, 86 W.Va. 590, pt. 1 syl., 104 S.E. 49; State ex rel. Boone National Bk. of Madison v. Manns, 126 W.Va. 643, 651, 29 S.E.2d 621, 625; Elite Laundry Co. v. Dunn, 126 W.Va. 858, 865-66, 30 S.E.2d 454, 458; State v. Hinkle, 129 W.Va. 393, pt. 1 syl., 41 S.E.2d 107; Thacker v. Ashland Oil & Refining Co., 129 W.Va. 520, pt. 2 syl., 41 S.E.2d 111; Taylor v. State Comp. Com'r, 140 W.Va. 572, pt. 3 syl., 86 S.E.2d 114; State v. General Daniel Morgan Post, etc., 144 W.Va. 137, pt. 1 syl., 107 S.E.2d 353; State v. Renick, W.Va., pt. 3 syl., 116 S.E.2d 763. A revised statute prescribing a new penalty for an offense "impliedly repeals the old penalty, and, to that extent, modifies the antecedent law of the subject-matter", and "repeals the penal clause of such earlier statute by implication." Grant v. B. & O. Railroad Co., 66 W.Va. 175, pts. 3 and 4 syl., 66 S.E. 709. "When parts of a prior statute are omitted from a later statute which revises the prior statute the parts omitted are not to be revived by construction but are to be considered as annulled." (Italics supplied.) Taylor v. State Comp. Com'r, 140 W.Va. 572, pt. 2 syl., 86 S.E.2d 114. The majority opinion apparently continues to adhere to the foregoing as a sound principle of statutory construction, but merely declines to apply it to this case on the ground that the revised and reenacted statute "was not intended to be a substitute for the prior statute or as such to revise the entire subject matter of or to supersede a former statute." Implicit in that summary, curt dismissal of a sound legal principle is a holding that the revised, reenacted statute does not "supersede" and was not *715 "a substitute for" the statute in its earlier form; and that the earlier statute, at least in part and at least for a time, continued to exist after the revised, reenacted statute became effective. At that point I am constrained again to express my violent disagreement with the majority.
After having determined, erroneously in my judgment, that the revised, reenacted statute did not supersede and was not intended as a substitute for the earlier statute, the majority opinion proceeds to cite authorities dealing with repeal by implication by reason of repugnancy between one statute and an earlier one. Cases cited for this well-settled proposition are: State ex rel. City of Wheeling v. Renick, W.Va., 116 S.E.2d 763; Harbert v. County Court of Harrison County, 129 W.Va. 54, 39 S.E. 2d 177; U. S. Coal & Coke Co. v. Turk, 127 W.Va. 368, 33 S.E.2d 463; Belknap v. Shock, 125 W.Va. 385, 24 S.E.2d 457; Forqueran v. Donnally, 7 W.Va. 114; Clemans, Sheriff, v. Bd. of Edn., 68 W.Va. 298, 69 S.E. 808; State v. Enoch, 26 W.Va. 253. I have no quarrel with the legal propositions for which such cases are cited. They simply are not in point. None of them involves a statute of limitations; or an amendment and reenactment of a single statute whereby certain language is omitted and different language substituted. On the contrary, each of such cases involved different, distinct statutes, and an effort to determine whether the distinct statutes were repugnant to each other, or whether they could coexist and be construed in harmony with each other. Here we do not have two or more statutes. We have a single statute, revised and reenacted in its revised form. In that connection, however, I would like to quote the following: "In the present instance there can be no question of the absolute repugnancy between the period of eight months for appeals prescribed by the special act and the period of four months established by the later general statute." Elite Laundry Co. v. Dunn, 126 W.Va. 858, 865, 30 S.E.2d 454, 458. In my judgment a provision for a two-year limitation is utterly repugnant to a provision for a one-year limitation. I simply cannot comprehend the basis for any other view.
For the reasons stated herein, I would reverse the judgment of the Circuit Court of Monongalia County.
I am authorized to say that Judge GIVEN joins in this dissent.